Argued October 8, decided October 15, 1912.

**STATE ex rel. *v.* ASTORIA.**

(126 Pac. 999.)

**Time—Days—Initiative Petition—Filing.**

The charter of a city having provided for the initiative power, an ordinance was passed declaring that each proposed initiative measure should be inaugurated by petition filed with the auditor and police judge on or before the first Monday of the last month immediately preceding the next general election

at which the proposed measure was to be submitted for ratification or rejection. Held, that the filing of the petition and the proposed measure was not tantamount to the giving of notice, and that, while the requirement that the petition be filed on or before the expiration of the last day designated by law for the purpose was mandatory, a petition filed at any time before 12 o'clock midnight on that day was in time; it not being necessary that it be filed during the prescribed office hours of the police judge.

From Clatsop:  JAMES U. CAMPBELL, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by the State, on the relation of Edmund B. Tongue, Prosecuting Attorney of the Fifth Judicial District, against the City of Astoria, Alfred Kinney and others to determine the validity of an alleged amendment of the charter of the City of Astoria, and involves the inquiry whether or not a petition invoking an exercise of the initiative power was filed within the time limited therefor.  The complaint sets forth in detail the procedure undertaken to secure an alteration of the charter.

The answer denies the material averments of the complaint and minutely describes the practice pursued in order to effectuate the purpose stated.

A demurrer to the answer having been overruled, the plaintiff, electing to abide by the legal principle thus involved, declined further to plead, whereupon judgment was given dismissing the action, and it appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Edmund B. Tongue,* Prosecuting Attorney, and *Mr. George C. Fulton,* with an oral argument by *Mr. Fulton.*

For respondent there was a brief over the names of *Messrs. John H.* and *Albert M. Smith,* and *Mr. A. W. Norblad,* City Attorney, with an oral argument by *Mr. Albert M. Smith.*

MR. JUSTICE MOORE delivered the opinion of the court.

It appears from the abstract that on October 17, 1906, ordinance No. 3315 was duly enacted providing for the manner of exercising the initiative and referendum powers reserved to the legal voters of Astoria by the organic acts of Oregon. Section 1 of the ordinance declares that each proposed initiative measure shall be inaugurated by a petition signed by 200 of the legal voters of the municipality. The petition is required to be filed with the auditor and police judge of Astoria on or before the first Monday of the last month immediately preceding the next general election at which the proposed measure is to be submitted for ratification or rejection. Section 11 of chapter 3 of the city charter provides that a general election shall be held in the municipality on the second Wednesday of December of the even years and biennially thereafter. Section 2 of ordinance 1012 of the City of Astoria requires the auditor and police judge to keep his office open for the transmission of business each day, except Sunday, from 9 o'clock a. m. to 12 m., and from 1 o'clock p. m. to 4 o'clock in the afternoon, and perform such duties as are prescribed by the charter or directed by the council. Prior to November 7, 1910, a proposed measure was prepared, providing for an amendment of the charter of Astoria, to be voted upon by the qualified electors at a general election to be held in that city on December 14, 1910. A proper petition signed by more than 200 voters of the municipality was tendered the auditor and police judge on November 7, 1910, the last day limited therefor, at about 7:30 p. m., at the chambers of the common council. The officer to whom the above petition was offered then refused to file it, but took possession of it, and, after the meeting of the common council had adjourned at about 8 o'clock that evening, locked the papers in the vault in his office. Several days thereafter the petition

was indorsed as follows: "Filed Nov. 7th, at 7:30 o'clock p. m. Olof Anderson, Auditor and Police Judge." Other provisions of law relating to the giving of notice, etc., having been complied with, an election was duly held at the time designated, whereupon, a majority of the votes cast upon that subject having been in favor of the proposed amendment of the charter, the alteration was declared duly adopted.

It is maintained by plaintiff's counsel that the ordinance requiring the filing of the petition was in the nature of an enactment demanding the giving of notice of an election, whereby the papers should have been filed in the office of the auditor and police judge during office hours; but the petition and proposed amendment to the charter not having been offered for filing within the time limited therefor, the intended alteration of the fundamental law of the municipality was not properly initiated, and, such being the case, errors were committed by the court in overruling the demurrer to the answer and dismissing the action. The filing of an initiative petition on or before the expiration of the last day designated by law for that purpose is necessarily mandatory, in order that the qualified electors may legally vote upon the proposed measure at the time appointed therefor. The hour of filing the petition and the proposed measure is not regarded important, so long as the papers reach the proper depository on or before 12 o'clock, midnight, of the last day designated. Except in special instances where by statute or ordinance an act is required to be performed on or before, or between certain hours of a designated day, such as keeping the polls open between specified hours, the law, disregarding the fractions of a day, usually allows the entire day for the consummation of the procedure. 8 Am. & Eng. Enc. Law (2 ed.) 738; Endlich, Interpretation of Stat., Section 389; *Wachsmuth* v. *Routledge,* 36 Or. 307 (51 Pac. 443:

59 Pac. 454). In *Zimmerman* v. *Cowan,* 107 Ill. 631 (47 Am. Rep. 476), under a statute authorizing the filing of a certain paper in the clerk's office within a specified number of days, it was ruled that the paper need not be filed within the hours appointed by law for keeping the office open, but might be filed after the expiration of those hours, at any time up to midnight of the last day.

In *Re Conant's Estate,* 43 Or. 530, 534 (73 Pac. 1018, 1020), in construing what is now Section 547 of L. O. L., relating to the filing of papers, Mr. Justice Bean says:

"It will be observed that this statute does not make the indorsement by the clerk a prerequisite to the filing or provide that no paper shall be deemed filed without such indorsement. The filing consists in delivering the paper to the clerk with an intention that it shall be filed. The law imposes the duty upon the clerk of making the proper indorsement thereon, but his failure to do so cannot affect the validity of the filing. A paper or document is filed within the meaning of this statute when it is delivered to and received by the clerk to be kept among the files of his office, subject to the inspection of the parties. The indorsement required to be made thereon by the clerk is intended merely as a memorandum and as evidence of the time of the filing, but is not essential thereto. The act of filing consists in presenting the paper to the proper officer, and its being received by him and deposited among the records of his office."

The petition and proposed amendment were delivered to the auditor and police judge, who deposited the papers in his office before midnight of the last day allowed for that purpose, and, though he did not make any indorsement thereon, such filing was not essential to the validity of the procedure, for out of the fact arises the right and not from the mode of proving such fact. Believing that the filing of the petition and the proposed measure

was not tantamount to the giving of notice, and that such papers reached the depository prior to 12 o'clock midnight of the last day designated therefor, no errors were committed as alleged.

It follows that the judgment should be affirmed, and it is so ordered.                                    AFFIRMED.