# SANDALL v. SANDALL.

No. 3526. Decided November 29, 1920. (193 Pac. 1093.)

1. APPEAL AND ERROR—ASSIGNED ERRORS MUST BE REFERRED TO IN BRIEF—NO REVIEW OF ERRORS NOT ASSIGNED—QUESTIONS NOT RAISED BELOW NOT CONSIDERED—BRIEF MUST INCORPORATE EVIDENCE WHEN NECESSARY. Errors assigned but not referred to in appellant's brief, and errors argued in the brief but not assigned, and assignments raising questions not presented in the court below, and those alleging insufficiency of the evidence to authorize action of court in modifying a decree without specifying the particulars wherein the evidence is insufficient and without incorporating any of the evidence in the record, will not be considered on appeal, being in disregard of the rules of practice of the Supreme Court. 1

2. DIVORCE—PRESUMED THAT ORDER OF COURT WAS BASED ON FINDINGS SUPPORTED BY EVIDENCE. On appeal from a decision refusing to set aside and vacate an order amending and modifying a decree of divorce, where the evidence before the trial court on the hearing of the petition to modify and amend is not before the court, not being brought up in the record on appeal, it must be presumed that the order of the court was based upon findings and that such findings were supported by the evidence.

3. MOTIONS—FORMAL FINDINGS HELD NOT NECESSARY TO SUPPORT ORDER REFUSING TO SET ASIDE ANOTHER ORDER. To support an order refusing to vacate an order amending and modifying a decree, no formal findings were necessary.

4. DIVORCE—MATTERS WARRANTING MODIFICATION OF DECREE OF DIVORCE AS TO ALIMONY TO INCLUDE SUPPORT. A petition stating that decree of divorce did not provide for alimony because petitioner did not insist upon alimony on account of inability of defendant to pay the same on account of being a drunkard, and that the habits of defendant had so changed that it was

1 *Walker* v. *Cont. Ins. Co.*, 2 Utah, 331; *People* v. *Peacock*, 5 Utah, 237, 14 Pac. 332; *Herriman Irr. Co.* v. *Keel*, 25 Utah, 96, 69 Pac. 719; *Warren* v. *Robinson*, 25 Utah, 205 70 Pac. 989; *Beatty* v. *Shelly*, 42 Utah, 593, 132 Pac. 1160; *Egelund* v. *Fayter*, 51 Utah, 579, 172 Pac. 313; *Holt* v. *Great Eastern Casualty Co.*, 53 Utah, 543, 173 Pac. 1168.

possible for him to pay alimony and support a child which had been placed in the custody of the petitioner, who was unable to properly care for it by reason of a rise in prices and increased cost of living, stated good grounds for modification of the decree under Comp. Laws 1917, § 3000.

5. ATTORNEY AND CLIENT—NOTICE OF MOTION TO MODIFY DECREE HELD NOT PROPERLY SERVED ON ATTORNEY IN DIVORCE ACTION. Where a divorce decree was rendered in favor of plaintiff and she was given custody of a child, and defendant thereafter paid off his attorneys, the relation of attorney and client ceased as between defendant and his attorneys, and notice of motion or proceeding several years later to have the divorce decree modified so as to provide for the payment of alimony should not have been served upon defendant's attorneys in the divorce case, and, such service having been made upon them alone, the court had no jurisdiction, even though defendant's attorneys represented him in a threatened criminal prosecution for nonsupport of his child.

Appeal from District Court, Third District, Salt Lake County; *John F. Tobin*, Judge.

Action by Margaret E. Sandall against John Eugene Sandall. Decree for plaintiff. From an order denying motion to vacate an order modifying the decree, the defendant appeals.

REVERSED and REMANDED, with directions.

*Halverson, Kimball & Farr*, of Ogden, for appellant.

*Rich, Rich & Roberts*, of Salt Lake City, for respondent.

THURMAN, J.

On July 28, 1910, final decree of divorce in the above-entitled cause was entered for plaintiff against defendant in the district court of Salt Lake county. The decree also awarded the plaintiff the custody of their minor child, at that time about two years of age. Plaintiff, in her complaint, prayed for a reasonable amount per month as permanent ali-

mony for the support of herself and child, but alimony was not allowed.

In the divorce proceedings the firm of Halverson & Pratt, attorneys at law, residing in Ogden City, Utah, appeared as attorneys for defendant.

On September 26, 1919, plaintiff filed her petition in the same court for a modification of the decree. The petition, in substance, alleged the granting of the divorce, as above stated, and the award to plaintiff of custody of the child. The petition then alleged that the decree of divorce was granted on the ground of the failure of defendant to provide plaintiff and said child the common necessaries of life, and also on the ground of defendant's drunkenness and profligacy. Plaintiff alleges that in her complaint for divorce she prayed for alimony for the support of herself and child, but that said application for alimony, at the hearing of the cause, was abandoned for the reason that any order which the court might have made at that time respecting alimony would have been valueless to plaintiff and could not have been enforced. The petition then alleges that at the time of the hearing in the divorce proceeding, and for a long time prior thereto, the defendant had been addicted to the use of liquor to the extent that he could not and would not work sufficiently to provide plaintiff and her child with the common necessaries of life; that the reason she did not insist, at the trial of the divorce proceeding, on an allowance for support and maintenance was owing to defendant's habit and his lack of ability to occupy a position of responsibility. For this reason, she alleges, an order for alimony would have been unenforceable and of no value. Plaintiff further alleges that at all times since said decree of divorce was rendered she has had the care, custody, and control of said minor and has at all times supported herself and the child by her own efforts and out of her own funds, but that owing to the growth of the child and the high cost of living and the increased cost of clothing, etc., it had become practically impossible for plaintiff to provide herself and the child with the necessaries of life. The petition then shows that within the last three

or four years defendant has improved his habits to such an extent that he is now able to contribute to the support and maintenance of the child; that defendant is earning upwards of $200 per month and has inherited certain property which makes it now possible for him to make proper allowance for the child's support, and that $40 per month would be a reasonable sum for that purpose. The petition prays for such other relief as may be equitable and just.

The hearing upon the petition was set for October 4, 1919, and notice thereof served by mail upon Halverson & Pratt, at Ogden, as attorneys for defendant. The notice appears to have been received by Halverson on the day it was issued, September 26, 1919. On October 4, the day set for hearing, nobody appearing on the part of defendant, the clerk of the court called Halverson by phone at Ogden and inquired if he intended to appear in said cause, and Halverson answered he "would not." The court then proceeded to a hearing of the case and the evidence offered on the part of the plaintiff, whereupon it was ordered that defendant pay to plaintiff for the support and maintenance of the minor child the sum of $40 per month, payable as follows: $40 on or before October 10, 1919, $40 on or before November 1, 1919, and $40 on or before the 1st day of each month thereafter, and that the original decree be modified accordingly. Notice of this order was served upon the defendant himself. Thereafter Halverson appeared as attorney for defendant and served notice on Rich & Rich, attorneys for plaintiff in Salt Lake City, that on January 31, 1920, he would move the court to vacate and set aside the order modifying the decree upon the grounds that the same was made and entered without jurisdiction, and particularly upon the grounds that defendant was not served with notice of process for a modification of the decree; that said judgment was and is void and of no effect.

In support of the motion to vacate the order modifying the decree, said attorney Halverson on the 23d day of January, 1920, filed therewith his affidavit to the effect that he was one of the attorneys for defendant prior to entry of the de-

cree for divorce and that Arthur E. Pratt, now one of the judges of the Second judicial district court, also appeared for defendant; that after the termination of said action the firm of Halverson & Pratt were paid off by said defendant and have never since represented him; that on or about the 26th day of September, 1919, he received through the mail addressed to Halverson & Pratt, attorneys at law, Ogden, Utah, a notice with petition attached thereto, copy of which affiant attached to his affidavit as part thereof; that he thereupon notified Rich & Rich, attorneys for plaintiff, that neither himself nor said Pratt was representing defendant, and that affiant had no authority to appear for said defendant; that at the time said notice was served upon affiant neither he nor said Pratt were attorneys for said defendant, nor had either of them authority to appear as his attorney. Affiant further states that he did not notify defendant of said pretended service of motion.

The affidavit of defendant, Sandall, was also attached to the notice of motion to vacate the order modifying the decree. Defendant's affidavit is to the effect that on the 10th day of October, 1919, he received through the mail a document purporting to be an amendment and modification of the decree in the above-entitled action, and with the document he also received a letter which, together with the document, he attached to his affidavit as part thereof; that prior to the receipt of said papers at Layton, Utah, he had no knowledge or notice of any proceeding in said action looking to the amendment or modification of said decree; that he is now advised and believes, and therefore alleges the fact to be, that on or about the 26th day of September, 1919, an unsigned paper, purporting to be a copy of the petition on file herein, was served through the United States mail on Halverson & Pratt, who were his attorneys when the decree of divorce was entered and represented him in said action, but that said attorneys had long prior to service of said notice upon him, been paid off and discharged; that said attorneys, nor either of them, represented affiant in said action in reference to any proceeding for the modification of said decree; and that he

is advised by said Halverson, upon whom said papers were served, that he (Halverson) so notified the attorneys for the plaintiff prior to the pretended order modifying said decree. Affiant further states that he is now, and for a long time prior to filing the petition has been, a resident of Layton, in Davis county, Utah, and never has been a resident of Salt Lake county.

The motion to vacate and set aside the order modifying the decree was heard upon the documents and papers filed in the cause and oral testimony taken at the hearing in open court. On February 17, 1920, the motion was denied. Defendant appeals and assigns as error that the petition of plaintiff for modification of the decree does not state facts sufficient to entitle her to relief, and that defendant was not served with notice of the hearing thereon.

Many other errors are assigned, but they are not referred to in appellant's brief; others are argued in the brief but were not assigned; others raise questions not presented in the court below; and, finally, others allege insufficiency of the evidence to authorize a modification of the decree without specifying the particulars wherein the evidence is insufficient and without incorporating any of the evidence in the record.

Such omissions and commissions on the part of appellant are in disregard of the rules of practice of this court and have been condemned by the decisions of the court in every case with which we are familiar wherein the objection has been seasonably made and relied on. To cite all the cases so holding would require more space than ought to be accorded an entire opinion in an ordinary case. We cite a few, however, as a gentle reminder: *Walker* v. *Cont. Ins. Co.*, 2 Utah, 331; *People* v. *Peacock*, 5 Utah, 237, 14 Pac. 332; *Herriman Irr. Co.* v. *Keel*, 25 Utah, 96, 69 Pac. 719; *Warren* v. *Robison et al.*, 25 Utah, 205, 70 Pac. 989; *Beatty* v. *Shelly*, 42 Utah, 593, 132 Pac. 1160; *Egelund* v. *Fayter*, and cases cited, 51 Utah, 579, 172 Pac. 313; *Holt* v. *Great Eastern Casualty Co.*, 53 Utah, 543, 73 Pac. 1168.

The errors properly assigned and relied on in the court below will now be considered.

1.   The petition does not state facts sufficient to entitle plaintiff to relief.

Appellant's contention concerning this assignment is stated in a single paragraph of his brief. Its brevity justifies quoting it at length:

"We think too, that neither the petition nor the amended decree shows sufficient facts to justify the court in the modification of the decree. The custody was awarded to the plaintiff, and unless changed conditions are shown the court has absolutely no jurisdiction to modify the decree. In this case no finding was made by the court to justify such modification, and it is doubtful if the petition alleges such facts, and the court therefore had no jurisdiction to modify the same."

This proceeding was to set aside and vacate the order amending and modifying the decree. The evidence before the trial court on the hearing of the petition to modify and amend is not before this court. It was not brought up in the record on appeal; therefore neither the evidence nor the findings of the trial court thereon, if any were made, are before this court except as they may be inferred from the fact that the court granted the relief prayed for. In these circumstances, it must be presumed that the order of the court was based upon findings supported by the evidence. As far as formal findings in the present proceeding are concerned, none were necessary, as the sole purpose of the proceeding was to vacate and set aside the order   2, 3 theretofore made. A simple denial of the motion to vacate was all that was necessary, if that was the conclusion arrived at by the court.

The sole question, then, in connection with this assignment, is, Does the petition of plaintiff state sufficient facts to entitle her to relief?

Without commenting in detail upon its substance as heretofore set out, it is sufficient to say the petition seems to state all the elements necessary to sustain the order of the court. It refers to the divorce without alimony and the reasons therefor. It recites the changed condition   4

of plaintiff and her child and also the changed condition of defendant in respect to his ability to support the child. Comp. Laws Utah 1917, § 3000, relating to divorce, provides for such proceeding. The last sentence of the section reads:

"Subsequent changes, or new orders, may be made by the court in respect to the disposal of the children or the distribution of the property, as shall be reasonable and proper."

The following authorities, cited by respondent, recognize the effect of statutes similar to the one just quoted: *Delbridge* v. *Sears,* 179 Iowa, 526, 160 N. W. 218; *State ex rel. Tatum* v. *Ramey,* 134 Mo. App. 722, 115 S. W. 458; *Spain* v. *Spain,* 177 Iowa, 249, 158 N. W. 529, L. R. A. 1917D, 319, Ann. Cas. 1918E, 1225. In the absence of any adjudicated cases, we would feel justified, in view of the statute above quoted, in holding that plaintiff's petition to modify the decree states facts sufficient to authorize the judgment complained of.

2. Defendant was not served with notice of hearing on the petition.

This assignment presents a more serious question. It is alleged that notice of the hearing on plaintiff's petition to modify the decree was not served upon the defendant, and therefore the court acquired no jurisdiction. It is contended by appellant that notice of the hearing served upon Halverson & Pratt, his former attorneys in the divorce proceeding, was not sufficient, for the reason that they had been paid off and discharged at or about the time the decree of divorce was granted in 1910, and that since that time neither of them had been defendant's attorney in that particular case.

The authorities support the proposition that an attorney's relation to his client ceases upon the rendition of judgment and satisfaction thereof, unless there are disturbing events or a special arrangement continuing the relation. The following excerpt from 6 C. J. p. 672, § 184, illustrates the trend of authority:

"In the absence of disturbing events the employment of an attorney continues as long as the suit or business upon which he is engaged is pending and ordinarily comes to an end with the com-

pletion of the special task for which the attorney was employed. Where the evidence as to the continuance of the relation is conflicting, it is a question for the jury.

"It is always a presumption that an attorney is employed to conduct the litigation to judgment, and no further; the relation of attorney and client and the general powers of the attorney cease upon the rendition and entry of the judgment. There is a distinction in this connection, however, between cases in which the attorney is retained to represent plaintiff, and those in which he represents defendant; in the latter case, the entry of final judgment always terminates the relation and the attorney's authority; in the former case it is generally the rule that the attorney's authority last until satisfaction of the judgment and that he may take the ordinary and usual steps to secure such satisfaction."

See, also, 3 A. & E. Ency. L. 327; 4 Cyc. 593; 2 R. C. L. 1004.

There is no evidence in this case of any disturbing events or special arrangement between Halverson & Pratt and the defendant continuing their relation after the entry of final decree in favor of plaintiff in July, 1910. Nothing further being required of them in connection with the case, it seems conclusive that their professional relation with defendant ceased at that time.

But respondent contends that subsequent events establish a new relation between Halverson and defendant, and she relies upon these in support of her contention that the service of the notice upon Halverson & Pratt was sufficient. Whether or not this is true depends upon facts which we shall now briefly consider.

Perhaps the strongest circumstance relied on by respondent in support of her contention is certain correspondence by mail which occurred a few weeks before the commencement of the proceeding to modify the decree. On July 13, 1919, Paul H. Ray, assistant county attorney for Salt Lake county, addressed the following communication to defendant at Layton, Utah:

"Complaint is made to this office by M. E. Foulger that you have failed for some time past to provide for the support and maintenance of your minor child, Imogene, who resides in this city. It is a violation of the Criminal Code of the state of Utah for a father to fail to support his minor children under 16 years of age.

"We trust that it will not be necessary for us to suggest more strongly to you than this your duty toward your child."

Defendant either delivered the letter personally, or addressed it by mail to Halverson at Ogden. On the 10th day of the same month Halverson replied to the letter as follows:

"Referring to your letter of July 3, 1919, addressed to John F. Sandall, will say that this child Imogene was awarded to the mother under the terms of the decree, and the father was not required to pay anything for its support. Under the law, the duty of support rests upon the person to whom custody is given, and she is in receipt of wages sufficient to support herself and the child. However, Mr. Sandall has been contributing from time to time for the support of the child, and even gave $50 to the mother at one time as a loan which she has never repaid. The mother obtained a divorce from the father several years ago, and the trouble comes now because he has recently remarried. If you wish any authority on the proposition that from the legal point of view the father is not responsible I stand ready to furnish that, as I have had occasion to brief that matter up."

It is quite probable that Mr. Ray, in addressing the communication to defendant, had in contemplation the commencement of a criminal proceeding against defendant for neglecting to support the child. No other rational conclusion can be drawn. It is quite conceivable that this correspondence was given considerable weight by counsel for respondent, afterwards, in arriving at the conclusion that Halverson & Pratt were still attorneys for defendant in the civil case, and therefore proper persons upon whom to serve notice of proceedings to modify the decree. Furthermore, it scarcely admits of doubt that the court, in subsequent proceedings, attached great importance to the correspondence as determining the professional relation between Halverson and the defendant.

In the hearing, afterwards, on the motion to vacate the order modifying the decree, both Halverson and defendant testified in support of the motion, and stated in effect that the relationship of attorney and client between Halverson and defendant had ceased at or about the time the decree for divorce was entered in 1910. It will be remembered that both Halverson and defendant, in their affidavits filed with the motion to vacate, to which we have referred, stated in

effect that there had been no business relation between them since the decree of divorce was entered. These statements, literally construed, are apparently in sharp conflict with the actual facts developed by the correspondence between Ray and Halverson. It is manifest from the correspondence that Halverson and defendant had had business relations relating to the contemplated criminal prosecution. When confronted with this apparent conflict, at the hearing on the motion to vacate the order, defendant's explanation was somewhat confusing. It is quite evident, however, that he meant to be understood as meaning that after the decree of divorce was rendered in 1910 he had had no business relations with Halverson & Pratt until he received the letter from Mr. Ray; that he either took or mailed the letter to Halverson, understanding that he would attend to the matter referred to in the letter. Defendant frequently stated, in effect, that he thought it all came under the same head. This is the confusing feature of his testimony. In justice to Halverson, it is proper to say that at all times shown by the record he persisted in maintaining that the relationship existing in the proceeding for divorce had ceased upon entry of the decree and had never been resumed in that particular case. He testified that he had notified plaintiff's attorneys, either by letter or phone, before the hearing on the petition to modify the decree, that he was not defendant's attorney, had no authority to appear for him in the case, and would not accept service in his behalf. We do not find that this statement is denied by plaintiff's attorneys, although it is implied in the argument and brief of her counsel that the statement was untrue.

As we interpret the record, we regret our inability to agree with the conclusion that the trial court reached in denying the motion to vacate the order. We are unable to find any substantial evidence upon which to base a conclusion that the relation of attorney and client in the above-entitled cause existed between Halverson & Pratt, or either of them, and the defendant Sandall at the time plaintiff's attorneys assumed to make the service to which objection is made. The

correspondence relied on between Ray and Halverson, relating to a contemplated criminal prosecution for failure to support the child, is entitled to but little if any weight in determining the relationship of the parties in the case at bar. In our opinion, it would be a dangerous precedent to hold that the relationship of attorney and client in a particular case can be established by the fact that such relationship exists in some other case, even though the subject-matter of the two cases may bear some apparent relation to each other, and the further fact that at some remote period the relationship existed in the case in which the question is raised should not have any controlling influence where the uncontradicted evidence of the parties themselves shows that that relationship had long since ceased to exist. Even counsel for respondent, evidently, were not sure of their ground. In serving notice of the order modifying the decree they served defendant in person instead of making service upon the attorneys. Feeling, as they must have felt at that time, that there was grave doubt concerning the matter, the prudent thing for them to have done would have been to not resist the motion to vacate the order. Plaintiff could not have been seriously prejudiced by such proceeding. Both sides would have had their day in court and the judgment finally rendered would, in all probability, have been unassailable from any point of view.

The judgment is reversed and the cause is remanded, with directions to the trial court to proceed in accordance with the views herein expressed. No costs allowed.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.