CARL ANDREAS DAMM *vs.* THERESE B. DAMM.

APRIL 21, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This proceeding was commenced by a motion to modify a final decree of divorce in regard to custody of the two minor children of the parties and the allowances for their maintenance and support.   After a hearing in the superior court at which the respondent wife did not appear, the motion was granted and a decree accordingly was entered.   From that decree the respondent, who was also the successful cross petitioner in the divorce action, has duly prosecuted her appeal.

A brief statement of the travel of the case will assist in understanding the issue.   The petitioner Carl Andreas Damm, hereinafter referred to as the husband, brought an action for absolute divorce against the respondent Therese B. Damm, hereinafter referred to as the wife.   The latter also brought a cross petition against her husband on the ground of extreme cruelty.   After a hearing on the merits in the superior court a decision was rendered on March 4, 1948 denying the husband's petition, granting the wife's cross petition, and awarding to her custody of the minor children, subject to a specified right of the husband as to visitation, and allowances for their support.

On September 11, 1948, more than six months having elapsed from the date of the decision, a final decree was entered in the superior court in accordance therewith. That decree also contained provisions whereby alimony was permanently waived by the wife; certain household furniture and effects were awarded to the husband; and allowances of $35 per week for the support of the minor children were ordered "to be paid at the office of the Honorable John C. Burke, Solicitor of record for the respondent."

Subsequently the husband contracted another marriage but the wife remained single. With some possible exceptions, payments by the husband of the allowances under the final decree were made until June 7, 1949 by checks payable to John C. Burke, attorney for Therese B. Damm. These were so endorsed by him and paid over to the wife, who meanwhile had moved with her children from Newport, Rhode Island, to her parents' home in New York City. The husband apparently found it expensive or inconvenient to visit his children in New York under the conditions as fixed by the final decree, although these conditions were known to him when, without objection, the decree was entered.

For those reasons and perhaps others he commenced the instant proceeding by a motion "that the provisions with regards to custody and support for the minor children in the final decree entered on the 11th day of September, A. D. 1948 be modified." This motion was captioned, filed and docketed as if it were an ordinary motion within a pending divorce action before final decree, whereas a final decree therein had already been entered. A copy of the motion was served upon "John C. Burke, Esq. Attorney for Therese B. Damm" together with a notice that it would be called for hearing in the superior court on June 6, 1949.

When the motion was reached for hearing Mr. Burke, who had acted as the wife's attorney in the divorce action, appeared specially to inform the court that he was not authorized to receive or accept service of such motion as

attorney for the wife; that he did not accept such service; and that he was in court in his own right to protect himself and to object personally to any proceeding based thereon, since the service was null and void and gave the court no jurisdiction. The court, after hearing arguments and over Mr. Burke's objection, stated: "I will hold the matter is properly before the Court."

Thereupon Mr. Burke explained that he could not ask for a continuance as attorney for the wife because he was not acting as such. In the discussion, however, he suggested in substance that the court might wish to consider whether it was advisable to proceed in an important matter involving the welfare of the children without their mother being notified and having an opportunity to be present. Thereupon the court with the consent of the husband's attorney continued the motion for hearing for one week, at which time the wife was not present personally or by attorney. Mr. Burke restated that his appearance was special and he objected again to any proceeding based on the alleged service of the motion. His objection was overruled, however, and the case was heard solely on testimony by the husband and his witnesses. Mr. Burke refrained from any cross-examination and did not otherwise participate in the proceeding.

At the conclusion thereof the court denied the husband's motion for a complete change in the custody of the minor children from the wife to himself, but granted certain amendments to the provisions of the decree in regard to their custody. These amendments provided in substance that the husband had the right to custody of the minor children from July 1 to September 1 in the year 1949 and each succeeding year; that he had the right to see, visit with, take and have the company and society of said minor children at any and all reasonable times when they were in the custody of their mother; and also that the allowances for the support of said children be reduced from $35 weekly as fixed in the final decree to $25 per week. Accordingly

a "supplementary" decree was entered June 15, 1949 and the instant appeal therefrom was duly claimed and prosecuted to this court on behalf of the wife by said John C. Burke as her attorney.

The brief for the wife groups her twenty-three reasons of appeal under three points or contentions, namely, that the court was without jurisdiction to hear the motion because of an invalid service; that if the court had jurisdiction the custody once established in a contested divorce action should not be changed except for good cause; that such a change was not here shown to be in the best interest of the children; and that in any event the evidence did not warrant any reduction in the allowances for the children's support.

On the other hand it is contended for the husband that the provision of the final decree that payments of the allowances be made at the office of "John C. Burke, Solicitor of record" for the wife constituted a continuing authorization for him to act as such attorney for all purposes, or at least for service of this motion; that payments of allowances, having been made to and accepted by him and the wife in conformity with the decree, constituted notice to her that he was acting as her attorney at the time of service of this motion; and that the continuance granted at the first hearing thereon amounted at least to an acquiescence by her in the proceeding. The husband also contends that the evidence is uncontradicted and amply supports the amendments made by the "supplementary" decree.

We have held that a motion or petition to vacate a final decree of divorce is in effect a new and independent proceeding separate from the divorce action. *Berger* v. *Berger,* 44 R. I. 295. This followed the law set forth in *Johnston* v. *Johnston,* 37 R. I. 362, where it was stated that such a petition should not be filed and numbered as if it were a part of the divorce case because it is in the nature of a new action. To the same effect see *Broduer* v. *Broduer,*

53 R. I. 450, where the court was considering a petition to vacate a final decree and said it "should have been filed and docketed as a separate and independent petition * * *." See also *Tobin* v. *Tobin,* 70 R. I. 362, 369.

If such a petition or motion *after* final decree is thus treated as one in the nature of a new and independent proceeding, the person designated as the "Solicitor of record" in the final decree of the completed divorce action would not thereby necessarily be authorized to continue as the attorney for the successful party for other subsequent purposes. In other words, at the time the final decree of divorce was entered, thereby concluding that action, the instant proceeding was not filed or pending. Obviously the designation "John C. Burke, Solicitor of record" in the final decree entered in the divorce action could not possibly have been intended to describe him as an attorney of record in a proceeding that had not been commenced at that time and might never be filed. In the absence of other authorization or acquiescence, that description therefore could only relate to him as the attorney of record for all purposes legitimately coming within the scope of the divorce action up to and including the final decree. We therefore do not agree with the husband's first two contentions in that respect.

Nor can we agree that in the circumstances of record the special appearance of Mr. Burke was waived by the continuance which was granted by the court. The transcript discloses no request by Mr. Burke for such a continuance. On the contrary he explained to the court that he could not ask for one because he was appearing specially in his own right and not as attorney for the wife. It is true that the court, as a result of the discussion, granted a continuance, perhaps to permit the wife to be notified and to appear to protect her rights. But there is nothing to show, expressly or by reasonable inference, that she had authorized Mr. Burke to accept service of the motion, or to represent her in the hearing thereon, or that the court

directed him to inform her of such proceeding and continuance, or that she was so notified.

While the motion does not seek to vacate the final decree *in toto,* it nevertheless requested a complete change of custody and a substantial reduction in allowances. In the circumstances we find no sufficient reason to treat it differently from similar proceedings which have been held to be new and independent of the divorce action and which therefore should have been initiated, numbered and docketed as such in the superior court. On that view we are of the opinion that the instant case is not distinguishable from *Slater* v. *Slater,* 75 R. I. 19, as the husband contends, but is governed in principle thereby.

This conclusion is also supported by other authority. At common law there is a presumption that ordinarily an attorney's engagement is terminated upon the entry of judgment in the particular case. See *Scott* v. *Scott,* 174 Ia. 740; *Sandall* v. *Sandall,* 57 Utah 150. 3 Am. & Eng. Ency. Law 327; 7 C.J.S. Attorney and Client §117; 2 R.C.L. 1004, §82. However, this rule apparently has the qualification that an attorney for a successful party ordinarily has the right to continue as such for the purpose of collecting or receiving payments in satisfaction of the judgment. But the petitioner here cites no authority to the effect that an attorney of record in a divorce action which is concluded by entry of a final decree is nevertheless the continuing attorney of record for service of process in a proceeding which is deemed to be in the nature of a new and independent action and which was not then pending. In accordance with the law and settled practice which has been enunciated in the above-cited authorities, we are of the opinion that there was no proper service of the motion and the appeal of the wife should be sustained.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Matthew J. Faerber, Roland R. Parent,* for petitioner.
*John C. Burke,* for respondent.