Argued April 18, affirmed September 6, 1957

# SCARTH *v.* SCARTH

315 P. 2d 141

*R. W. PicKell,* Salem, argued the cause and filed a brief for appellant.

*Theodore B. Jensen* argued the cause for respondent. On the brief were Davis, Jensen, Martin & Robertson, Portland.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

KESTER, J.

This is a proceeding to modify a divorce decree with respect to the amount which the defendant (husband) was required to pay for the support of the minor child of the parties. From an order raising the support payments from $35 per month to $60 per month, the defendant appeals.

The principal question relates to the sufficiency of the notice of the application to modify the decree. In order to present the problem, it is necessary to review the proceedings in the trial court.

The divorce decree was entered December 17, 1953, after a contested hearing at which both parties appeared in person and by their attorneys. The decree granted the divorce to the plaintiff (wife) and awarded her custody of the minor child, together with an allowance of $35 per month for child support, plus a lump sum alimony payment, costs and attorney fees. At that time plaintiff was about 17 years of age and defendant had just turned 21. Defendant was a college student with limited earnings. In the divorce proceeding, defendant was represented by R. W. PicKell of Salem, his attorney of record.

Subsequent to the decree, the exact date not appearing, defendant was drafted into the armed forces of the United States. While in the service an allotment was

established for the child from defendant's pay and allowances, in an amount greater than specified in the divorce decree. The allotment was paid directly to the county clerk.

■ Defendant desired that the excess of the allotment over the amount required by the decree be deposited to his credit in a bank. Accordingly, on December 22, 1954, a motion and proposed form of order to accomplish that purpose were forwarded by defendant's attorney to the county clerk for presentation to the court. Copies of the motion and order were sent to plaintiff's attorney, but the original motion did not bear any certificate or acknowledgment of service. The trial judge therefore did not enter the order, but instead he wrote to defendant's attorney inquiring whether plaintiff had been served with the motion and whether the matters set forth in the order were agreeable to plaintiff. The motion itself was not indorsed by the clerk as having been filed at that time, and it was subsequently returned to Mr. PicKell, who later filed it pursuant to the court's direction.[1]

On December 28, 1954, after plaintiff's attorney had received a copy of defendant's motion, plaintiff filed a motion, supported by her affidavit, for an order to show cause why the decree should not be modified so as to raise the child support to $75 per month. The motion was presented ex parte, and on the same date an order was entered requiring defendant to appear on January 4, 1955, and show cause why such a modification should not be made. The order to show cause was served on Mr. PicKell by mail, and an unsuccessful attempt was made to have it

---

[1] Under ORS 16.860 filing was accomplished when the motion was originally delivered to the clerk, even though not indorsed by him. *In re Conant's Estate,* 43 Or 530, 73 P 1018; *State ex rel v. Astoria,* 63 Or 171. 126 P 999.

served by the Marion County sheriff on the defendant personally.

On January 4, 1955, plaintiff, her attorney, and Mr. PicKell appeared at the show cause hearing. At that time Mr. PicKell advised the court that his appearance was special only, for the purpose of contesting the jurisdiction of the court. He said that he had not seen the defendant, that he did not have the defendant's address and that he had no authority to appear for the defendant on the merits of plaintiff's motion. With respect to defendant's motion to have the excess of the allotment deposited in his bank account, Mr. Pic-Kell took the position that this did not subject defendant to the jurisdiction of the court for any modification of the decree, as his motion dealt only with the overplus, to which defendant claimed he was entitled in any event.

The trial court held that the defendant had invoked the jurisdiction of the court by submitting his motion, and it directed that defendant's motion be filed. It then considered both motions, denied that of defendant, and on plaintiff's motion modified the original decree by increasing the child support allowance from $35 per month to $60 per month.

From that order defendant appeals, contending that the court had no jurisdiction of him in that he had no proper notice or opportunity to be heard, amounting to a denial of due process of law. Defendant also contends that the modification was erroneous in that no material change of conditions was shown at the hearing.

■ Under ORS 107.130, the court in a divorce case has continuing jurisdiction over the subject matter of future support payments and retains the power to modify

that portion of the decree. [2] The fact that such modification is made upon motion in the original suit indicates that the court also retains jurisdiction over the parties as well as the cause. While it is perhaps unrealistic to speak of the divorce case as still "pending" after a final decree, still it has such life that the decree can be modified, in certain respects, without commencing a new proceeding.

However, the fact that the court has jurisdiction over both the subject matter and the parties does not mean that it can act without further notice. If the modification order affects defendant's personal rights, due process requires that he have reasonable notice and an opportunity to be heard.

Thus in *State ex rel Hall v. Hall,* 153 Or 127, 55 P 2d 1102, an order modifying the support provisions of a divorce decree, without notice to the defendant, was held insufficient on which to base a judgment of contempt. In *Bestel v. Bestel,* 153 Or 100, 108, 44 P 2d 1078, 53 P 2d 525, it was held that an order changing the custody of a minor child can only be made after notice and an opportunity to be heard. And in *Griffin v. Griffin,* 327 US 220, 66 Sup Ct 556, 90 L ed 635, an order docketing arrears of alimony as a judgment, without notice to defendant, was held wanting in due process.

---

[2] "107.130: (1) The court, or judge thereof, has the power to set aside, alter or modify at any time after a decree is given, upon the motion of either party, so much of the decree as may provide for the appointment of trustees, for the care and custody of minor children, for the nurture or education thereof, or both, or for the maintenance of either party to the suit; and such decree is a final judgment as to any instalment or payment of money provided for therein which has accrued up to the time either party makes such a motion.

"(2) The court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which has accrued prior to the filing of such motion."

The Restatement of Conflict of Laws states the rule as follows:

"§ 76. Continuation of Jurisdiction. If a court obtains jurisdiction over a party to an action, that jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action.

\* \* \* \* \*

"c. Change of circumstances. The original cause of action may involve matters of long duration, but jurisdiction still continues. A change in domicil of the parties or other changes in circumstances does not destroy the jurisdiction, but may lead the court in a reasonable exercise of discretion to refuse to exercise jurisdiction. In exercising the continuing jurisdiction, it may be necessary to give reasonable notice to an adverse party of new steps in the proceedings."

In both the Hall case and the Griffin case, supra, it was said that in the absence of notice the court had no *jurisdiction* to make the order (153 Or at 129; 327 US at 228). But since the required notice may be something less than would be needed to give personal jurisdiction at the commencement of the suit,[3] the question is not strictly one of jurisdiction, but merely the adequacy of notice to warrant the court in exercising the jurisdiction which it has. In *Michigan Trust Co. v. Ferry,* 228 US 346, 353, 33 S Ct 550, 57 L ed 867, the court said, "\* \* \* if a judicial proceeding is begun with jurisdiction over the person of the party con-

---

[3] In the Griffin case, supra, the opinion of the court indicates that service by mail would have been adequate, although defendant was then a non-resident (327 US at 229, note 3). Cf *McFarlane v. McFarlane,* 43 Or 477, 486, 73 P 203, 75 P 139, in which it was held that a citation to appear and show cause would be sufficient on which to base an order for future support of children, although the original divorce decree was obtained upon service by publication, defendant then being a non-resident. See also *Cohn v. Cohn,* 151 Fla 547, 10 So2d 77, 143 ALR 428; *White v. White,* 65 NJE 741, 55 A 739.

cerned it is within the power of a state to bind him by every subsequent order in the cause."

■ At common law the authority of the attorney for the prevailing party continued after final judgment for a sufficient length of time to enable him to supervise its collection. Oregon has by statute authorized an attorney to satisfy a judgment or decree, upon receiving payment, within a period of three years after its entry (ORS 9.330). With respect to the losing party, however, the attorney-client relationship normally terminates with the entry of judgment or decree. *DeVall v. DeVall,* 57 Or 128, 140, 109 P 755, 110 P 705. In general, see 5 Am Jur 322, Attorney at Law, § 102 et seq; 7 CJS 948, Attorney & Client, § 116.

■ Much difficulty is presented by the question of whether a final decree can be modified after expiration of the term at which it was rendered, merely upon notice to the attorney who represented the adverse party at the time of the original decree. The cases elsewhere are divided, and there is no clear weight of decision.

The following cases have held that service on the attorney is not sufficient: *Sandall v. Sandall,* 57 Utah 150, 193 P 1093, 15 ALR 620; *Moore v. Lee,* (Fla), 72 So2d 280, 42 ALR2d 1112; *Scott v. Scott,* 174 Iowa 740, 156 NW 834; *Damm v. Damm,* 77 RI 24, 72 A2d 839, (for further explanation of the Damm case, see *Hacking v. Hacking,* 78 RI 325, 82 A2d 168); *Underwood v. Underwood,* 142 Ga 441, 83 SE 208; *Burgess v. Burgess,* 239 Mo App 390, 190 SW2d 282; *Smith v. Smith,* 171 Kan 619, 237 P2d 213 (during the same term); *Cummer v. Cummer,* 283 Ill App 220; *Ellis v. Ellis,* 13 Neb 91, 13 NW 29 (point waived by general appearance); *Reynolds v. Reynolds,* 12 Ohio App 63.

On the other hand, the following cases have held

service on the attorney to be sufficient: *State ex rel Groves v. First Judicial District Court,* 61 Nev 269, 125 P2d 723; *McSherry v. McSherry,* 113 MD 395, 77 A 653; *State ex rel Jones v. Superior Court for King County,* 78 Wash 372, 139 P 42; *Kellogg v. Kellogg,* 302 Ill App 604, 24 NE2d 260 (applying a court rule of the District of Columbia); *Reynolds v. Reynolds,* 21 Cal2d 580, 134 P2d 251 (but see *Allen v. Allen,* 30 Cal2d 433, 182 P2d 551, applying the Soldiers' and Sailors' Civil Relief Act).

The foregoing cases include on each side some dealing primarily with support payments and some in which the primary question was child custody. For present purposes we see no essential difference between child custody and child support. Additional cases are collected in annotations in 15 ALR 627 (alimony) and 42 ALR 2d 1115 (custody). See also annotations on related subjects in 78 ALR 370, 143 ALR 433 and 168 ALR 232.

This court considered the problem in 1910 in *DeVall v. DeVall,* supra. In that case the plaintiff (wife) had obtained a divorce in Wisconsin which gave her custody of the minor children with an allowance for support of herself and the children. In the divorce suit defendant appeared in person and by attorney. The decree provided that it was not absolute, either as to child custody or the amount of payments; and the amount was subsequently increased upon plaintiff's application, defendant again appearing in person and by attorney. Some ten years later, defendant having become in arrears, plaintiff petitioned that court for entry of judgment for the delinquency.

In the meantime defendant had left Wisconsin and moved to Oregon, the firm of attorneys which had represented defendant was dissolved, and one of the

two attorneys had left the state. Notice of the application for judgment was served upon the remaining one of defendant's former attorneys, and he filed an affidavit disclaiming any authority to act for defendant. No other attorneys had been substituted for them. Based on that notice, the court entered judgment for the arrears and directed execution therefor.

Plaintiff then sued in Oregon on the judgment, and defendant pleaded that the Wisconsin court had no jurisdiction over him at the time of the judgment because of lack of notice or service of process. At the trial a verdict was directed for defendant. Upon appeal this court held that service of notice upon defendant's former attorney was sufficient, in the absence of any substitution of another attorney, and the case was reversed. (For subsequent appeal of the same case, see 60 Or 493, 118 P 843, 120 P 13.) The conclusion of the court was stated as follows:

"* * * The better rule would seem to be that where an order has been made, requiring the payment of permanent alimony or maintenance in installments, the attorney who has represented the party commanded to make such contributions should not be permitted to withdraw from a case after the divorce has been granted, without leave of court, and its consent ought not then to be given until another attorney has been substituted. By pursuing the practice suggested, when the statute, as in Wisconsin, permits the service of a notice upon an attorney who has appeared for a party, an allowance of alimony, if not paid as required, may become a personal judgment for the arrears thereof against such party, and they [sic] form the basis of an action in another state. The procedure thus indicated is not novel, for it has been held that after an attorney's name has been entered of record, as the representative of a party to a cause, he cannot withdraw his appearance without the con-

sent of the court: United States v. Curry, 6 How.
106, 111 (12 L ed 363); Hickox v. Fels, 86 Ill App
216, 224." (57 Or at 142.)

The rule of the DeVall case obviously involves serious practical difficulties, in that it perpetuates the attorney-client relationship indefinitely, in the absence of a substitution, even though the attorney may long since have lost track of his erstwhile client, and even though there is no apparent likelihood of future modification of the decree so as to indicate the need of continuing representation.[4] On the other hand, and this was of some weight in the DeVall case, the rule tends to insure the collectibility of alimony payments, even though the delinquent party has left the jurisdiction.

The DeVall case was, of course, based upon Wisconsin law, which apparently required affirmative steps to reduce the delinquent alimony to judgment before execution could issue. At that time the same was true of the Oregon law; but it is no longer true since the 1921 amendment gave the effect of a final judgment to accrued instalments of alimony without further steps by the parties. (Ch 114, Or L 1921; ORS 107.130.) See *Mansfield v. Hill,* 56 Or 400, 408, 107 P 471, 108 P 1007; *Forbes v. Jennings,* 124 Or 497, 501, 264 P 856; *Mason v. Mason,* 148 Or 34, 41, 34 P 2d 328; *Cousineau v. Cousineau,* 155 Or 184, 191, 63 P 2d 897, 109 ALR 643; *State ex rel Tolls v. Tolls,* 160 Or 317, 327, 85 P 2d 366, 119 ALR 1370; *Stephens v. Stephens,* 170 Or 363, 368, 132 P 2d 992.

Therefore, if the DeVall case is limited strictly to its own facts, the reason for the rule no longer exists

---

[4] Compare *Herrick v. Wallace,* 114 Or 520, 236 P 471, where defendant's motion to require satisfaction of a judgment against him was served upon plaintiff's former attorney and also upon plaintiff personally in another state, and it was held that notice was insufficient, although plaintiff waived the point by making a general appearance in attempting to set aside the satisfaction.

in this state. However, we need not decide whether to adhere to the DeVall case now, as there is an additional factor here which we believe to be controlling. We refer to the motion submitted by defendant, through Mr. PicKell as his attorney, to have the excess of his allotment deposited in defendant's bank account.

The DeVall case, and others sustaining service on the attorney, have emphasized the fact that the attorney served was still the attorney of record in the case, regardless of whether he still in fact represented the party. See, for example, *State ex rel Groves v. First Judicial District,* supra, and *Reynolds v. Reynolds* (California), supra. On the other hand, some of the cases denying validity to service on the attorney have recognized that the notice would have been sufficient if in fact the attorney-client relationship still existed. E.g., *Burgess v. Burgess,* supra, and *Sandall v. Sandall,* supra. Since, as pointed out above, the question is merely one of reasonable notice, and not one of jurisdiction in the strict sense, there can be little doubt that notice to the attorney will be sufficient where both factors are present: i.e., (1) he is the attorney of record, and (2) he is still representing the party.

Indeed, when a party is represented by an attorney, our statutes require service on the attorney and contemplate that service on the attorney will be sufficient, except for (a) summons, (b) process, and (c) papers to bring a party into contempt.[5]

---

[5] "ORS 9.320: * * * Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of his client as between him and the adverse party, except as provided in ORS 9.310." [ORS 9.310 distinguishes between the authority of an attorney and that of counsel.]

"ORS 9.380: The attorney in an action, suit, or proceeding, may be changed, or the relationship of attorney and client terminated, as follows:

"(1) Before judgment, decree or final determination, upon the consent of the attorney filed with the clerk or entered upon the journal; or,

In this case even if defendant's motion for the overplus was wholly collateral, so as not to be of itself a general appearance or an attempt to re-open the divorce decree, still it shows a continuing attorney-client relationship between the defendant and his attorney of record at the very time when the order to show cause was served.

We need not decide whether the order to show cause was "process" within the exception in ORS 16.810, because its efficacy as notice to the defendant did not depend upon the fact that it was in the form of a command from the court.

We hold, therefore, that under the circumstances, notice to Mr. PicKell was notice to the defendant.

■ Defendant argues that the length of notice was not reasonable because the order was mailed to the attorney on December 28th, received by him on December 29th, and the hearing was set for January 4th. While the time was short, we cannot say that it was so short as to be a denial of due process. At the hearing no objection was made on the ground of inadequate time. We appreciate that defendant's attorney probably

"(2) At any time, upon the order of the court or judge thereof, based on the application of the client or the attorney, for good and sufficient cause."

"ORS 9.390: When an attorney is changed as provided in ORS 9.380, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, shall be given to the adverse party. Until then he is bound to recognize the former attorney."

"ORS 16.770: Notices shall be in writing, and notices and other papers shall be served on the party or attorney in the manner prescribed in ORS 16.780 to 16.800, where not otherwise provided by statute."

"ORS 16.800: When a party is absent from the state, and has no attorney in the action or suit, service may be made by mail, if his residence is known. When a party, whether absent or not from the state, has an attorney in the action or suit, service of notice or other papers shall be made upon the attorney if the address of his office is known. If the residence and place of business of the party and his attorney are unknown, service may be made upon the clerk of the court for either of them."

"ORS 16.810: The provisions of ORS 16.770 to 16.800 do not apply to the service of a summons or process, nor so much thereof as allows service to be made of any notice or other paper to bring a party into contempt, otherwise than upon such party personally."

would not have wanted to ask for a postponement, because he tried to restrict his appearance to a special one for the purpose of questioning jurisdiction. Nevertheless, we have no doubt that if the time had appeared so short as to constitute a hardship, the trial court would have continued the matter on his own motion.

■ Finally, defendant argues that there was no showing of a change in circumstances sufficient to warrant modification of the decree. In this connection, defendant contends that ORS 107.130 contemplates more of a hearing than merely the consideration of plaintiff's affidavit. Again we note that no objection on that ground was made at the time. ORS 45.120 permits use of an affidavit upon a motion, and in the absence of a counter-showing or a request for oral testimony the court was authorized to proceed on the basis of what was before it. [6]

■■ In any event, defendant's own motion showed that he was no longer a college student but had become a member of the armed forces, and the court could take judicial notice of the pay, allowances and allotments provided by law (see 37 USC §§ 232, 352; 32 CFR § 538.13). This was of itself a sufficient change in conditions to justify modification of the decree.

The order is affirmed. Neither party shall recover costs in this court.

---

[6] Cf ORS 45.130 requiring production of an affiant for cross-examination when a provisional remedy has been allowed upon affidavit.