490 P.2d 729

**Gaynor E. ATKINSON, Plaintiff and Appellant,**

**v.**

**Ann Vivian Atkinson STONG, Defendant and Respondent.**

**No. 12319.**

Supreme Court of Utah.

Nov. 3, 1971.

F. Briton McConkie, of Kirton & McConkie, Salt Lake City, R. George Sil-

vola, Colorado Springs, Colo., for plaintiff and appellant.

W. Eugene Hansen and Earl Jay Peck, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The parties in this matter were formerly husband and wife and residents of the state of New Mexico. Divorce proceedings were commenced by the plaintiff in that State which resulted in a decree awarding the custody of the minor children to the wife, with the right of the husband to visit the children and to have the children visit with him for a period of 30 days during school vacation.

At a subsequent time the defendant and the children moved to Utah, and during the summer of 1970 a dispute arose between the parties as to the plaintiff's right to have the children visit with him during the school vacation. The plaintiff filed proceedings in the District Court of Salt Lake County seeking a writ of habeas corpus to obtain custody of the children. A trial was had, and the court made findings of fact and entered its decree. That decision was not appealed and is not now before us.

On September 30, 1970, the defendant filed a petition seeking a modification of the prior decree in the habeas corpus proceeding, a judgment for past due support payments, attorney's fees and that the plaintiff be punished for contempt in failing to comply with the former order and judgment of the court. No order to show cause or other process was served upon the plaintiff, he being then a resident of the state of Colorado. The defendant, through her counsel, served upon the attorney for the plaintiff a notice of the time and place for the hearing on defendant's petition. The plaintiff appeared specially and objected to the jurisdiction of the court.

The plaintiff is here contending that the court below did not have jurisdiction of him personally and that it had no power to enter a judgment adverse to his interests. With this contention we must agree. The defendant's petition for a modification of the former order and decree of the court and for other relief did in fact initiate a new and separate proceeding. The modification petition was not a motion for a new trial, nor was it a motion in the nature of a motion to amend or alter the findings or judgment entered after the first trial. We must therefore conclude that the notice of hearing served upon plaintiff's counsel was insufficient to give the court jurisdiction to hear and decide and to render a judgment adverse to the plaintiff.[1]

---

1. Sandall v. Sandall, 57 Utah 150, 193 P. 1093.

The decision of the court dated October 22, 1970, is reversed. Each of the parties is to bear his own costs.

CALLISTER, C. J., and ELLETT, HENRIOD, and CROCKETT, JJ., concur.