Submitted on appellant's brief July 19, reversed July 27, 1972

## STATE OF OREGON EX REL JACKSON, *Respondent, v.* JACKSON (No. D-1682), *Appellant.*

499 P2d 1376

Keith Burns and Jane Edwards, Portland, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

The state of Oregon, on behalf of Dallas Jackson, the respondent, who was the defendant in a divorce proceeding with Margaret Jackson, the appellant, brought a contempt proceeding against Margaret Jackson for failure to comply with a court order changing custody of one of the parties' children from Margaret Jackson to Dallas Jackson.

The trial court found Margaret Jackson in contempt of court and sentenced her to six months in the Washington County jail. The question is whether the trial court had jurisdiction to hold a contempt hearing when Margaret Jackson, the appellant, was not personally served with the citation and notice to show cause. The respondent has not filed a brief. We therefore will not search the record, and assume that the appellant's recitations as to the state of the record are correct. *David v. David*, 8 Or App 166, 493 P2d 186 (1972).

The Jacksons were divorced in the proceeding in which Margaret Jackson was plaintiff. The decree of divorce gave her custody of the minor children of the parties. Subsequently, Dallas Jackson filed a motion to modify the divorce decree, and after a hearing at which neither Margaret Jackson nor her attorney appeared, the court modified the decree and awarded custody of the one child to the father. Margaret Jackson did not surrender the child to the father, who thereupon filed a motion asking the court to issue an order requiring Margaret Jackson to ap-

pear and show cause why she should not be held in contempt for failing to comply with the court's order. The court issued a citation directing Margaret Jackson to appear and show cause why she should not be held in contempt of court. No personal service was made on Margaret Jackson. The pertinent documents were sent by mail to her attorney. Her attorney filed a timely demurrer on her behalf alleging that she was appearing specially and that the court had no jurisdiction for want of personal service upon her.

Her attorney then appeared in court at the time specified for the hearing, but Margaret Jackson did not. The court overruled the demurrer, heard the testimony of Dallas Jackson, and found Margaret Jackson in contempt of court. Subsequently, when Margaret Jackson appeared in Oregon to have her deposition taken for another case she was arrested and brought before the court. The court heard testimony regarding the appropriate sentence and then sentenced Margaret Jackson to six months in the Washington County jail.

■ Once a lawful decree is entered requiring custody be given to a particular party, the decree may be enforced by contempt proceedings. ORS 23.020; ORS 33.010 (1)(e). ORS 33.040 provides in relevant part:

"* * * [B]efore any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance * * *."

■ This statute does not indicate the kind of service

required of an order to show cause. However, ORS 16.810 provides:

> "The provisions of ORS 16.770 to 16.800 [providing for service on an attorney] do not apply to the service of a summons or process, nor so much thereof as allows service to be made of any notice or other paper to bring a party into contempt, otherwise than upon such party personally."

In *Scarth v. Scarth*, 211 Or 121, 132, 315 P2d 141 (1957), the Supreme Court stated:

> "Indeed, when a party is represented by an attorney, our statutes require service on the attorney and contemplate that service on the attorney will be sufficient, *except for* (a) summons, (b) process, and (c) *papers to bring a party into contempt.*" (Emphasis supplied.)

Since Margaret Jackson was not personally served, the court was without jurisdiction to act and its resultant judgment is void.[1]

Reversed.

---

[1] Margaret Jackson also argues that she was denied due process of law when the court heard the contempt hearing and found her in contempt although she was not present at the hearing and had not affirmatively waived her right to be present. We need not consider this issue in view of our interpretation of the relevant statutes.