Argued December 17, 1973, appeal dismissed January 21, 1974

VANECEK, *Respondent, v.* VANECEK
(No. 71 3526), *Appellant.*

517 P2d 1206

*Edward N. Fadeley,* Eugene, argued the cause and filed the briefs for appellant.

*Douglas L. McCool,* Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

This appeal involves the nature of service required to give the domestic relations court jurisdiction

to modify so much of a divorce or dissolution-of-marriage decree as provides for the custody, support and welfare of minor children.[1]

In 1971, prior to the effective date of the present "dissolution" statutes, the plaintiff, hereinafter called the mother, filed a suit for divorce, seeking a divorce and custody of the minor children, including custody of a four-year-old child who is the subject of the controversy at bar.

In 1972, the defendant, hereinafter called the father, moved the domestic relations court for an order transferring custody of the child to him. He attempted to serve the motion upon the mother by mailing a copy to the attorney who had represented her in the divorce case.[2] It was later shown by affidavit that this manner of service was employed because neither the father nor his attorney could discover the whereabouts of the mother who had left no current address with the court despite the fact that the decree of divorce required both parties to notify the court of all changes of address. No appearance was made by the mother. The record discloses that the attorney upon whom the motion was served by mail asked the father's counsel for 10 days in which to attempt to locate the mother, and that he did mail a copy addressed to her at an address in Walla Walla, Washington. It is not clear from the record whether in fact she received it.

In any event, no appearance on the motion was

---

[1] We are here dealing only with the power of a domestic relations court and not with the power of a juvenile court to affect the status of children.

[2] Under some circumstances such service would have been sufficient prior to the 1971 amendment to ORS 107.135. See, Scarth v. Scarth, 211 Or 121, 315 P2d 141 (1957).

made by or on behalf of the mother, and an ex parte order was entered on December 22, 1972, transferring custody of the child from the mother to the father. Immediately thereafter the father obtained physical custody of the child and continues to have the child with him.[9] In January 1973, the mother's attorney moved to quash the service of the motion which had been made upon him, and by affidavits represented to the court that he had no authority to act for the mother and did not even know of her whereabouts at the time of service upon him. On April 30, 1973, the court entered an order quashing service. The record indicates that no order setting aside the change-of-custody order has ever been sought or entered.

ORS 107.135, adopted by the 1971 legislature as part of the dissolution-of-marriage law, modified the former statutory provision relating to the power of the court to modify custody decrees by adding the italicized language:

"(1) The court has the power at any time after a decree is given, upon the motion of either party *and after service of notice on the other party in the manner provided by law for service of a summons,* to:

"(a) * * * modify so much of the decree as may provide for the * * * custody * * * of the minor children * * *.

"* * * * * *.

Why the father, when he could not find the mother within the state, did not obtain service by publication,

---

[9] The record indicates that some time after he had filed his motion for modification the father learned that the mother and child were in Walla Walla, Washington, and that after the ex parte order transferring custody was entered he went to Walla Walla and got the child.

ORS 15.110, 15.130 (2), we need not consider here since we dismiss the appeal because an order quashing service is not an appealable order.[2]

> "* * * [A]n order quashing service of summons, regardless of the trial court's reasons, is not appealable. If the plaintiff cannot by any means proceed any further, or prefers not to do so, he must secure a judgment of dismissal in order to obtain review * * *." *Ter Har v. Backus,* 256 Or 288, 290, 473 P2d 143 (1970).

By the same token, we find it difficult to understand why the mother merely moved to quash service rather than moving to set aside the order transferring custody on the ground that it was void for want of jurisdiction. *See, Salitan et al v. Dashney et al,* 219 Or 553, 347 P2d 974, 81 ALR2d 532 (1959).

Hopefully, if everyone involved concerns himself primarily with the welfare of the child, any further proceedings deemed desirable in the interest of the child's welfare will take place before he is again moved. *See, R. v. R.,* 15 Or App 464, 516 P2d 476 (1973).

Appeal dismissed.

---

[2] After notice of appeal was filed by the father, the mother moved to dismiss on the basis of no appealable order. We erred in not granting the motion.