## BEATTY v. SHELLY.

No. 2429.   Decided May 8, 1913.   (132 Pac. 1160).

1. APPEAL AND ERROR—FINDINGS—REVIEW. In an equity case appellant is entitled to the judgment of the court on appeal on questions of fact, as well as on questions of law. (Page 595.)

2. DEEDS—DELIVERY—ACTS CONSTITUTING. Where one never legally obtained possession of a deed containing a blank for the grantee and never obtained authority from the grantor to insert his name as grantee, he acquired no right by obtaining possession of the deed and inserting his own name as grantee. (Page 596.)

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—QUESTIONS NOT RAISED IN TRIAL COURT. Propositions discussed in the brief of counsel, but not mentioned in the assignment of errors, cannot be considered. (Page 596.)

APPEAL from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Action by Theodore B. Beatty against Charles L. Shelly.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Charles L. Shelly* and *Thurman, Wedgewood* and *Irvine* (of counsel) for appellant.

*Burton* and *Johnson* for respondent.

FRICK, J.

Plaintiff, respondent here, brought this action in equity to cancel a certain deed and to quiet the title to certain real estate in himself. The defendant, appellant in this court, in his answer denied respondent's title to the land in question, claimed title in himself, and prayed that the same be quieted in him.

The facts as found by the trial court fairly reflect the pleadings and respond to the issues presented therein. The findings, in substance, are:

(1) That on May 4, 1906, and for a long time prior thereto, respondent was the owner, in possession and entitled to the possession of a certain parcel of land in Utah County, Utah, which is particularly described.

(2) That on the date aforesaid respondent and his wife executed, acknowledged, and delivered a deed to the parcel of land described in the complaint to one Eldridges E. Shelly, in which deed no grantee was named, but that part of the deed was left blank.

(3) That it was agreed between respondent and said Shelly that the name of one M. B. Whitney should be inserted in the blank left in said deed as grantee and as trustee, and that said Whitney should receive and hold said deed in trust for respondent until such time as said Shelly should sell said land at a price satisfactory to and to be fixed by the

42 Utah 38

respondent, and when such a price was fixed, and when requested by respondent, said Whitney, trustee, should then convey said land by proper deed of conveyance to the purchaser thereof, whoever he might be, and the purchase price thereof should be turned over by said Whitney to respondent.

(4) That some time after the 4th day of May aforesaid the appellant wrongfully obtained possession of the deed delivered to said Shelly in blank, as aforesaid, and wrongfully and without authority from respondent or his wife inserted his own name in the blank left in said deed, as aforesaid, as grantee, and thereafter, on July 27, 1906, filed said deed for record with the county recorder of Utah county and had the same recorded, that the acts of appellant in that regard were wrongful and without any right whatever, and that respondent never sold or agreed to sell or convey the land in question to appellant.

(5) That the respondent did not know that appellant's name was inserted in said deed as grantee, and did not know that he had filed the same for record, until informed of said fact on or about October 1, 1908, at which time he learned the facts, as aforesaid, and learned that appellant claimed to be the owner of said land by virtue of said deed.

(6) That the respondent and said Eldridge E. Shelly never entered into any agreement as alleged in appellant's answer. The terms of the alleged agreement are fully set forth in the finding, and all affirmative matters alleged by appellant are specifically found against him. The finding is quite lengthy, and no purpose could be subserved in stating it at length.

(7) That appellant paid certain taxes on the land, aforesaid, amounting to $21.65, for which sum he is entitled to a lien against said land.

(8) That the appellant and Eldridge E. Shelly did not enter into the agreement as alleged in appellant's answer. This and the succeeding finding, No. 9, are merely findings in which certain affirmative matters averred by appellant in his answer are found against his contention. It is also found in the last finding that the respondent did not know

anything concerning the matters which are enumerated in the finding, nor ratified the same, and was not bound thereby.

Upon substantially the foregoing findings the court made conclusions of law, in which it found that the respondent was the owner and entitled to the possession of the land in question; that the appellant had no right or title thereto, or interest therein, but that he was entitled to a lien against the same for taxes, amounting to the sum of $21.65; that the deed in which appellant had wrongfully inserted his own name as grantee be canceled, and that upon the payment of said sum of $21.65 by respondent to appellant the title to said land be quieted in the former; and that the latter and all those claiming through or under him be forever barred from asserting or claiming any right, title, or interest in or to said land. The respondent tendered the amount found due for taxes to appellant, and a judgment or decree in conformity to the findings of fact and conclusions of law was duly entered. The appellant presents the record on appeal, and asks us to reverse the judgment.

The only errors assigned are that the court erred in making the third, fourth, fifth, sixth, eighth, and ninth findings of fact, upon the grounds that they are not sustained by and are contrary to the evidence and that the court erred in its conclusions of law and in entering the judgment or decree aforesaid.

It is true that in view that this is an equity case, appellant is entitled to our judgment upon questions of fact, as well as upon questions of law. In view of this we have carefully examined the evidence, and after doing so are of the opinion that the court's findings are not only sustained by the evidence, but are clearly in accordance with the preponderance and the weight thereof. In cases like the one in question, where we are satisfied that the court's findings are in accord with the weight and preponderance of the evidence, and for that reason the judgment should be affirmed, it would subserve no good purpose for us to restate the evidence in the case.

It must suffice to say that under appellant's own statements made at the hearing he never legally obtained possession of the deed in question, nor ever obtained authority from respondent to insert his own name in the deed as grantee. Appellant simply assumed that he had a right to the deed and to insert his own name as grantee therein; but this assumption neither did nor could create any legal nor equitable right to the land in question. We can see no ground whatever upon which the appellant can succeed in this case under the evidence in the record.

There are one or two propositions discussed in the brief of counsel, but are not mentioned in the assignment of errors. We cannot consider or pass on matters not set forth in the assignment of errors.

The judgment ought to be affirmed, with costs to respondent. Such is the order.

McCARTY, C. J., and STRAUP, J., concur.