380 P.2d 66

Homer W. HANSON and Beth P. Hanson, his wife, Plaintiffs and Respondents,

v.

BEEHIVE SECURITY COMPANY et al., Defendant and Appellant.

No. 9682.

Supreme Court of Utah.

April 2, 1963.

Nielsen, Conder & Hansen, Salt Lake City, for appellant.

Kirton & Bettilyon, George J. Romney, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiffs sued to have declared invalid a mortgage which had been given to defendant Beehive Security by grantees named in a deed which the plaintiffs had signed. From a judgment for plaintiffs, nullifying the mortgage, defendant appeals.

Wherever the evidence is in dispute we view it in the light most favorable to the court's findings and judgment. On August 1, 1961, plaintiffs Hanson engaged in a deal to convey 10 separate properties to Bonneville Securities, Inc. At the closing of the transaction they signed 10 deeds, but the name of Bonneville as grantee was in only five of them, and in the other five the space for the grantee was blank. The Hansons' inquiry about this brought this response from their attorney, who was present: "That will be taken care of." Their position is that they expected the name of Bonneville Securities would also be filled in as grantee in these blank deeds. The attorney turned them over, still blank, to Bonneville's president, Mr. Boyd Fullmer, who delivered the deed in question, (to an apartment property in Davis County) to Willard J. Stringer. The latter had been present during part of the discussion and the Hansons were told that he was to get some of their property. The next day Mr. Stringer presented the deed, showing himself and his wife as grantees, to defendant Beehive Security, in applying for a loan.

During the course of that day the company advanced Stringers $3,000 and took from them a mortgage on the property.

By error Beehive first sent the deed and mortgage to be recorded in Salt Lake County instead of Davis County. By the time the error was discovered and those documents recorded several days later, the Hansons had had a change of mind about the transaction and filed a suit to rescind. They caused a lis pendens to be recorded at 8:30 a. m. on the 7th day of August, 1961, a couple of hours before the recording of the deed and mortgage.

The critical issue in this case is this: Beehive contends that it relied on the deed, valid on its face, and advanced the $3,000 to the Stringers; the Hansons contend that because the space for the grantee was blank when the deed was signed by them, it "is void and passes no title unless filled in by the grantor or by his agent thereunto authorized in writing."

In support of their position plaintiffs place reliance on Section 25–5–1, U.C.A. 1953, which provides:

"No estate or interest in real property * * * shall be created, granted, assigned, surrendered or declared otherwise than by * * * deed or conveyance in writing *subscribed by the party* creating, granting, assigning, surrendering or declaring the same, *or by*

*his lawful agent thereunto authorized by writing."*

We do not understand this statute as requiring that the authority to fill in the name of the grantee must be in writing. It will be noted that the first part of the statute simply requires that the deed (or conveyance) must be in writing, omitting to state by whom. But it then indicates plainly by the emphasized language that it must be subscribed by the party (grantor) or by his agent authorized in writing. It neither states nor implies that the other portions of the deed must be written by the grantor himself or by his agent. This is in harmony with the practical exigencies involved in carrying on such transactions. Everyone knows that printed forms of deeds are often used and that almost always stenographers do whatever typing is necessary under oral directions.

■ The meaning of the statute is so plain as to not admit of argument, nor to require explanation, that the other portions of the deed may be made by anyone and without written authority, just as they may make a note, bond, a mortgage or any other form of obligation. But it is the signature of the obligor (here the grantor), the person to be bound, which is essential to bind him. This statute very

properly makes it mandatory that the deed be *subscribed by the grantor,* and adds the requirement that if this crucial act is to be done by an agent, he must have written authority.

It requires but little reflection to bring to mind the multifarious mischief that might result to titles if a grantor who had signed and acknowledged a deed such as the instant one, which was in every respect complete on its face, could repudiate it by parol evidence on the ground that the name of the grantee was not filled in when he signed it.[1]

■ The interests of justice here require adherence to the time-honored principle that where one of two innocent parties must suffer a loss, it should fall on him who created the circumstances from which it resulted.[2] A well-reasoned case in which the Supreme Court of Kansas applied that doctrine to a fact situation closely analogous to our case is that of Guthrie v. Field.[3] There the grantor had signed a conveyance which was incomplete at the time, and left it with an agent who failed to obey instructions about filling it in. The deed was thereafter relied upon by a third party. The court very properly observed that it was the grantor who had selected and reposed

1. This principle is well stated in Edmonston v. Waterston, 342 Mo. 1082, 119 S.W. 2d 318.

2. See Allred v. Hinckley, 8 Utah 2d 73, 328 P.2d 726.
3. 85 Kan. 58, 116 P. 217, 37 L.R.A.,N.S., 326.

confidence in the agent who had failed in his trust; that the grantor should have known that if he did so, some third party might rely upon the deed. The court held that the grantor, having created such circumstances, could not repudiate the deed by claiming it was blank when he signed it and thus cast the loss upon the innocent third party.

Respected authorities are in accord. Thompson on Real Property, Permanent Edition Sec. 4232 states:

"One entrusting an incomplete instrument to which he has affixed his signature to another to be completed and delivered is bound to anyone who relies in good faith on the genuineness of such instrument, although the person entrusted has exceeded his authority."

Essentially the same statement is made by Tiffany, Real Property, 3d Ed., Sec. 969.

We do not regard the cases from this court cited by the plaintiffs as being at odds with the doctrine above set forth if their holdings are properly analyzed as applied to the fact situation each involved. In support of their position that a deed executed with the name of the grantee left blank is void unless filled in by the grantor or his agent authorized in writing, plaintiffs refer to Burnham et al. v. Eschler.[4]

Without repeating the facts of that case it is sufficient to say that it does not so hold. The deeds in question therein were actually held to be valid. The language by way of dicta pertinent to the problem involved is:

"Also, if the name of a grantee is inserted by a party who *never legally obtained possession of the instrument nor obtained authority from the grantor* to complete the instrument no deed comes into existence."

citing Beatty v. Shelley[5] and Utah State Bldg. & Loan Ass'n v. Perkins.[6] The facts in those two cases make them governed by the phrases emphasized in the above quote and in that respect significantly different from the case here. In Beatty v. Shelley, one *Eldridge* Shelley had taken a blank deed with certain instructions as to filling in the grantee when a purchaser was found. A Mr. *Charles* Shelley wrongfully got possession of the deed and inserted his own name as grantee. In the other case, Utah State Bldg. & Loan Ass'n v. Perkins, defendant Perkins was treasurer of the plaintiff corporation. He and his wife had been procured to sign and acknowledge two blank forms of deeds which were kept in Perkins' own desk among his private papers. Without his knowledge or consent the secretary took them out of his desk,

4. 116 Utah 61, 208 P.2d 96 (1959).
5. 42 Utah 592, 132 P. 1160 (1913).

6. 53 Utah 474, 173 P. 950 (1918).

filled in the names of the grantors, grantees and the property descriptions.

■ Here the plaintiffs Hanson had executed and acknowledged the deed and it was complete in every particular except the blank for the name of the grantee, in which they understood the name of Bonneville Securities, Inc. was to be filled in. Their admitted intention in signing was to divest themselves of ownership of the property and that it be delivered to that grantee. It must be conceded that if the deed had been filled in as they intended, they would have been bound by it. Then if Bonneville had in turn immediately made its deed to the Stringers, and the transaction had proceeded as it did, Hansons would have been remediless against Beehive. We can see no material difference in the plaintiffs' position because the intermediate step of deeding the property to Bonneville was omitted and the names of the Stringers were filled in as grantees.

For the reasons hereinabove stated we see no escape from the conclusion that Beehive, who had no knowledge of any frailty in the deed from Hansons, is entitled to assert its mortgage against the property, and that the judgment to the contrary must be vacated. Costs to defendant (appellant). (Emphasis throughout ours.)

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.