# FINLAYSON et al. v. BRADY et al.

No. 7713.   Decided January 29, 1952.   (240 P. 2d 491.)

See 35 C. J., Sales, sec. 1139. Directed verdict in case having conflicting evidence. 53 Am. Jur., Trial, sec. 365.

*F. Robert Bayle,* Salt Lake City, for appellants.

*Victor G. Sagers,* Sandy, for respondents.

HENRIOD, Justice.

Appeal from a judgment on a directed verdict nunc pro tunc, awarding defendants a money judgment and attorney's fees on their counterclaim, and no cause of action on plaintiffs' complaint, in an action where plaintiffs claim damages for the price of alleged defective gas heaters installed by defendants in plaintiffs' fourplex apartment house, and for loss of rentals resulting therefrom when tenants allegedly vacated on account of the heaters, and where defendants countered for the balance of the purchase price of equipment sold under a conditional sales contract, included in which were the questioned heaters. The judgment is reversed, and a new trial ordered, each side to bear its own costs.

Plaintiffs claim the court erred 1) in directing a verdict for defendants; 2) in awarding attorney's fees to defendants; and 3) in directing a verdict nunc pro tunc.

The voluminous record contains considerable conflicting evidence, particularly as to when the contract was executed, the balance due thereon, whether the type of heater intended was installed, whether defendants were obliged to install according to certain standards, whether gas leaked through the heaters, whether the heaters installed by defendants or the flues constructed by plaintiffs were primarily responsible for leakage, whether tenants were or were not made ill by escaping gas, whether plaintiffs solici-

ted defendants for the installation or vice versa, when and how plaintiffs complained of the heaters, the condition of plaintiffs' property at time of installation, whether the flues were adjustible for easy and proper installation, the reasons for tenants leaving, etc.—all matters ordinarily left to the jury for determination.

In directing a verdict, this court has held, as the authorities generally hold, that the evidence is to be examined in a light most favorable to the party against whom the verdict is intended, and that it is not the province of the court to weigh or determine the preponderance of the evidence.[1]

We are convinced from the whole record that there was substantial contradictory evidence on both sides which, in recognition of well-established rights guaranteed by our state constitution, statutes and rules,[2] and the authorities generally,[3] required giving the case to the jury.

Without unduly burdening this opinion with all the evidence favoring plaintiffs, we point out significant portions thereof. After plaintiffs complained about the heaters, defendants removed them twice for repairs in an effort to eliminate escaping gas. Leakage continued after reinstallation. Different means of discharging the products of combustion were attempted. Defendants' witnesses admitted failure to install in accordance with gas company standards. The gas company rejected the heaters. Some tenants suffered headaches from the escaping gas. One called the gas company 15 times. During a period of a

---

[1]*Christensen* v. *Utah Rapid Transit Co.*, 83 Utah 231, 27 P. 2d 468.
[2]Utah Const. Art. I, § 10; Title 104-23-5, U. C. A. 1943; Rule 38(a) U. R. C. P.
[3]53 Am. Jur. 143, Sec. 158.

little over a year, 16 tenants moved in and out of the 4 apartments. One of the heaters blew up. A gas company employee indicated the heaters were defective. The record points at least to an implied reliance by plaintiffs on the judgment of defendants in installing the heaters, and not upon the trade name of the heaters, all of which makes this case strikingly similar to one heretofore decided by this court.[4]

The defendants undertook the installation under a one-year express guarantee. On pre-trial the parties stipulated that

"there was an implied warranty that the property described in plaintiffs' complaint would be fit for the use for which it was intended."

The trial court, at the end of the trial, apparently conceded a breach of such warranty when in commenting on whether the property was fit for the purpose intended he concluded that

"I don't think it was. I think they had to take it out and do some work on it before it would work."

We express no opinion as to plaintiffs' contention that attorneys' fees should not have been awarded, since that question, as well as any question of breach of warranty, will be resolved at the new trial.

As to plaintiffs' attack on the directed verdict nunc pro tunc, we conclude that the court did not err. The record is not entirely clear, but the court apparently inadvertently ordered entry of judgment rather than a directed verdict, and through oversight the jury was discharged without signing a verdict. After findings and judgment were signed by the court, later they were vacated when the error was called to the court's attention by counsel. The court thereupon did what we believe was the only sensible thing under the circumstances when he

---

[4]*Carver* v. *Denn,* 117 Utah 180, 214 P. 2d 118.

ordered a directed verdict nunc pro tunc. In so concluding, we restrict our decision to a situation involving a directed verdict, and do not extend it to cases where a jury has been discharged before receiving the case on the merits, or having been given the case failed for some reason to render a verdict before being discharged. In such cases Rule 47 (o), U. R. C. P., would require a trial anew.[5] We exclude directed verdicts from the operation of the rule on the ground that in reality ordering a directed verdict is an act of the court, the signing and entry thereof being formalities paying tribute to the history of the practice. Since it is essentially an action of the court, what was intended but omitted should be subject to correction by the court,[6] by applying a common sense rule.

WOLFE, C. J., and WADE, McDONOUGH, and CROCKETT, JJ., concur.

---

[5]"If a jury is discharged or prevented from giving a verdict for any reason, the action shall be tried anew."

[6]*Webb* v. *Western Reserve Bond & Share Co.*, 115 Ohio St. 247, 153 N. E. 289, 48 A. L. R. 1176.