390 P.2d 127

**JAMES MANUFACTURING CO., a corporation, Plaintiff and Appellant,**

v.

**E. I. WILSON, Defendant and Respondent.**

**No. 9887.**

Supreme Court of Utah.

March 6, 1964.

---

Howard & Lewis, Jackson B. Howard, Provo, for appellant.

Nielsen, Conder & Hansen, Salt Lake City, for respondent.

CALLISTER, Justice:

Plaintiff brought an action against defendant for breach of a conditional sale contract for the purchase by the latter of 75 turkey range feeders. The feeders were repossessed by plaintiff and it was awarded a deficiency judgment. However, defendant successfully counterclaimed for damages for breach of warranty with regard to other items of equipment purchased from plaintiff. From the judgment in favor of defendant on this counterclaim, plaintiff appeals.

In seeking a reversal or, in the alternative, a new trial, plaintiff makes the following contentions:

█ (1) The lower court erred in granting a jury trial over the plaintiff's objection. It appears that defendant did not make a demand for a jury as provided in Rule 38, U.R.C.P., which states that if a party does not conform to its requirements, a jury trial as a matter of right is waived. However, Rule 39(b) provides that "* * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." This court has held that the granting or denial of a jury trial, in the absence of proper procedural requirements, is within the sound discretion of the trial court.[1] There is no showing that the lower court, in the instant case abused this discretion nor any showing that plaintiff was in anywise prejudiced by having the case tried by a jury.

█ (2) The court erred in not permitting a witness for plaintiff to remain in the courtroom to assist counsel for plaintiff during a portion of the trial. This contention is without merit. Plaintiff's counsel, at the commencement of the trial, requested that all witnesses be excluded. This request was granted and, at first, the court ruled that the exclusion included a Mr. Tuttle, a representative of plaintiff company. The witness was excluded for a period of only 90 minutes. It is not disclosed in the record before us exactly what transpired during this time other than the giving of an opening statement by counsel for the defendant. Thereafter, the witness was allowed to remain in the courtroom for the rest of the trial which took four days. There is nothing in the record to indicate that Mr. Tuttle's temporary absence was prejudicial to plaintiff.

█ (3) It was error for the trial court to admit into evidence a carbon copy of a letter which defendant purportedly sent to

---

1. Wood v. Rio Grande Western, 28 Utah 351, 79 P. 182 (1904); Davis v. Denver & Rio Grande R., 45 Utah 1, 142 P. 705 (1914); Thompson v. Anderson, 107 Utah 331, 153 P.2d 665 (1944); Hunter v. Michaelis, 114 Utah 242. 198 P.2d 245 (1948).

plaintiff. Plaintiff objected to the introduction of this exhibit upon the grounds that it was not the best evidence and that production of the original had not been demanded by defendant. This contention is without merit. The exhibit was authenticated by defendant and was apparently written in response to a letter sent to him by plaintiff. Under such circumstances, the carbon copy was admissible as a "duplicate original." [2]

■ (4) The lower court erred in denying plaintiff's motion to dismiss defendant's counterclaim and in denying its motion for a directed verdict. Plaintiff argues that there was not sufficient evidence to support defendant's counterclaim and that defendant had not notified plaintiff of any alleged defects in the equipment within a reasonable time. However, plaintiff saw fit to include only a portion of the testimony in the record upon this appeal. Under the circumstances it is impossible for this court to properly assess the entire evidence and determine whether the trial court was correct in denying these motions of the plaintiff. It must, therefore, be presumed that the rulings were supported by the evidence produced at the trial.[3]

(5) The lower court erred in instructing the jury. We have carefully studied the instructions given and those requested by plaintiff but not given. It would serve no useful purpose to detail all of plaintiff's claimed errors relating to the instructions. Suffice it to say that, when considered altogether, the instructions given to the jury adequately apprised them of the issues and did not substantially prejudice the plaintiff in any particular.[4]

■ (6) It was error for the trial court to deny plaintiff's motion for a new trial. In support of this motion, plaintiff submitted affidavits to the effect that the water supply of defendant had a mineral content that would be harmful, if not fatal, to turkey poults. This alleged fact was, according to plaintiff, newly-discovered evidence which was not known or available at the time of the trial. It is plaintiff's argument that had the jury been apprised of the water condition, it could well have found that the water caused the death of the poults rather than the defective equipment. Here again we are handicapped by not having the entire trial proceedings before us. However, it is a well-established rule of this court that the granting or denial of a motion for a new trial on the ground of newly-discovered evidence is within the sound discretion of the trial court and its

2. DeMichele v. London, etc., Fire Ins. Co., 40 Utah 312, 120 P. 846; 65 A.L.R.2d 358, et seq.

3. Sandall v. Sandall, 57 Utah 150, 193 P. 1093, 15 A.L.R. 620 (1920); In re Voorhees' Estate, 12 Utah 2d 361, 366 P.2d 977 (1961).

4. Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287 (1953).

ruling is conclusive unless there clearly appears to be an abuse of that discretion.[5] Plaintiff has failed to show such an abuse.

Affirmed. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

5. Moser v. Zion's Co-Op. Mercantile Inst., 114 Utah 58, 197 P.2d 136 (1948); Uptown Appliance & Radio Co., Inc. v. Flint, 122 Utah 298, 249 P.2d 826 (1952).