446 P.2d 410

Rhea D. HINDMARSH, Plaintiff
and Respondent,

v.

O. P. SKAGGS FOODLINER, Defendant
and Appellant.

No. 11160.

Supreme Court of Utah.

Oct. 22, 1968.

Christensen, Paulson & Taylor, Cullen Y. Christensen, Provo, for defendant and appellant.

Howard & Lewis, S. Rex Lewis, Provo, for plaintiff and respondent.

CROCKETT, Chief Justice.

Plaintiff, Rhea D. Hindmarsh, sued to recover for injuries sustained when she fell on a patch of ice which was covered by snow in the defendant's parking lot adjacent to its store at First North and Second West in Provo, Utah.

From a jury verdict and judgment thereon of $9,740.49 the defendant states these points on appeal:

Point I: Plaintiff was negligent and her negligence was a proximate cause of her injuries;

Point II: Plaintiff by her actions assumed the risk of any injuries sustained by her;

Points III, IV and V relate to the claimed failure of the court to properly instruct and rule on the subjects of Points I and II.

When all of the verbiage is stripped away, there is presented on this appeal only one central and controlling question: Does the evidence show so clearly and persuasively that the plaintiff was guilty of contributory negligence that the trial court was compelled to so rule as a matter of law? If the answer is yes, the judgment should be reversed. If no, the judgment should stand.

 The burden of proving the plaintiff's contributory negligence is upon the defendant. The trial court could properly take the issue from the jury and rule that the plaintiff was contributorily negligent as a matter of law only if the evidence demonstrated that fact with sufficient certainty that all reasonable minds would so find. Conversely, if the evidence is such as to permit reasonable minds to differ as to whether the plaintiff was guilty of contributory negligence, the question is for the jury to decide.[1] When the jury has made its determination, these further basic principles of review apply: Inasmuch as it is the prerogative of the jury to judge the credibility of the witnesses, we are obliged to assume that they believed the evidence which supports their verdict; and therefore, it is our duty to survey the evidence and all reasonable inferences that fairly can be deduced therefrom in the light favorable to the verdict.

On a cold clear winter afternoon, December 31, 1964, the plaintiff, a woman in her mid-fifties, had gone with her husband downtown in Provo to do some shopping errands and to purchase groceries in the defendant's store. They parked their car in the defendant's parking lot; went across the street to other stores; then returned intending to traverse the parking lot and enter the south entrance of the defendant's store. Although there was no snow out on the public sidewalks, the parking lot was covered with snow and ruts made therein by automobiles. She returned to the parking lot and proceeded to walk westward in the driveway portion thereof, watching where she was going, but being concerned about the possible movement of cars, was not looking down at her feet to pay special attention to where she was placing them.

1. See a good statement of this principle by Justice Frick in Newton v. Oregon Short Line R. R. Co., 43 Utah 219, 134 P. 567, 570.

After proceeding about eight or nine feet into the parking lot, she slipped and fell causing her great pain. After she had been helped to her feet, she looked down and saw an icy area about two or three inches high and five or six inches in width, with snow upon it, upon which she had slipped.

It was later determined that she suffered a fracture of the hip (of the left femoral neck) which eventually required surgery (a cup arthroplasty). In the opinion of her doctor, this resulted in a permanent limitation of function: of her left hip, 50 per cent, and of her total body, 30 per cent. She incurred doctor's and hospital bills of $1,740.49 for which she sought judgment together with $100,000 as general damage. For all of which the jury awarded the above mentioned sum of $9,740.49.

### Assumption of Risk

 We first direct attention to the question of assumption of risk. It will be noted from the statement of the issues at the beginning of this opinion that the defendant has not made an issue of the question of its own negligence. It chose rather to treat the condition as one of obvious danger which should have been observed by the plaintiff. In its Request No. 35 it requested the court to instruct:

If there is a danger attending upon the entry to the premises, the owner is entitled to assume that a business visitor will perceive that which should be obvious to her upon the ordinary use of her own senses. There is no duty on the part of the owner to give a business visitor notice of an obvious danger.

The doctrine of assumption of risk is but a specialized aspect of the defense of contributory negligence. This court has repeatedly declared the law in that respect: that it applies only where the plaintiff knew of and appreciated a danger, and had a reasonable opportunity to make an alternative choice, but nevertheless voluntarily exposed himself to the danger in question.[2] It is not shown here that the plaintiff had any such knowledge, nor a reasonable opportunity to make an alternative choice. Therefore, that doctrine does not entitle the defendant to the relief it seeks here.

### Contributory Negligence

 We refocus our attention on what we have stated above to be the critical and controlling issue in this case: defendant's contention that the plaintiff must be held guilty of contributory negligence as a matter of law. This argument is grounded upon this concededly correct proposition: where there is a danger plainly to be seen, and the plaintiff fails to avoid it, it is ordinarily ruled that she was negligent either

---

2. Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884; Clay v. Dunford, 121 Utah 177, 239 P. 2d 1075.

in failing to look or in failing to heed.[3] However, this is subject to the qualification that if there is something which justifies plaintiff giving part of her attention elsewhere so that in the total circumstances it can reasonably be believed that she exercised due care, the conclusion that she was guilty of contributory negligence as a matter of law is not compelled.[4]

Giving the plaintiff the benefit of her entitlement to the favorable aspects of the evidence and the reasonable inferences therefrom, and projecting the thoughts which some reasonable minds might have had about the matter, the situations may have appeared somewhat thus: That when she as a business visitor was walking in a place where people are intended to walk, she could assume that it was safe to walk therein without any undue apprehension of hazards;[5] that inasmuch as this was an area wherein cars might be moving, even though she was obliged to watch where she was going, the exercise of due care did not require her to give her entire and constant attention to looking down at her feet to see where she was placing them, but she was permitted to give at least part of her attention to keeping a lookout for cars or other persons she might encounter. From the foregoing it is our opinion that reasonable minds might believe, as this jury appears to have done, that plaintiff's conduct was within the required standard of ordinary care under the circumstances.

In this case, as in most lawsuits, there are areas of controversy upon which the opposing parties have firm convictions. It is sometimes said "that's what makes horse races." It is also what makes lawsuits; and necessitates resort to the courts [6] and to juries to settle them.[7] This does not negate the supervisory responsibility of the court to see that neither the rights nor the property of a party are subjected to the whim or caprice of a jury when there is no substantial basis in the evidence to entitle the opposing party to prevail under the law.

---

3. See Clark v. Union Pacific R. R. Co., 70 Utah 29, 257 P. 1050; and Whitman v. W. T. Grant Co., 16 Utah 2d 81, 395 P. 2d 918.

4. See discussion in Campbell v. Safeway Stores, 15 Utah 2d 113, 388 P.2d 409; and c. f. Eisner v. Salt Lake City, 120 Utah 675, 238 P.2d 416, where this principle was recognized: "Most of the cases urged by the plaintiff are distinguishable for various reasons, including the absence of prior knowledge of the defect, or that the defect occurred at night, or that the defect was concealed by snow." (Citing cases.)

5. See King Soopers, Inc. v. Mitchell, 140 Colo. 119, 342 P.2d 1006, for a case helpful here on generally similar facts where the plaintiff fell on ice in a parking lot. In affirming, the court discussed the respective duties: of the plaintiff, and of the defendant landowner to a business visitor, referring to Restatement of Torts, Sec. 343, and citing numerous cases.

6. See Sec. 10, Art. I, Constitution of Utah.

7. See Finlayson v. Brady, 121 Utah 204, 240 P.2d 491; James Mfg. Co. v. Wilson, 15 Utah 2d 210, 390 P.2d 127; Rules 38 and 39, U.R.C.P.

418

The balancing of the foregoing considerations gives rise to the rule that the submission to the jury of issues of fact for determination is limited to situations where there is substantial evidence upon which reasonable minds might arrive at different conclusions. But within that limit, the right of trial by jury should be something more than a mere high-sounding rhetorical declamation. Yet that is what it would amount to if the court were to impose a straight jacket on the jury's thinking by saying in effect: You can have a jury trial, if the jury agrees with the court; but if the verdict displeases the court, or is not in agreement with its conclusion, it will be upset. If a misleading pretense is to be avoided, and the right to a jury trial is to be meaningful, there must be allowed considerable latitude in which the reasoning of the jury can operate and draw its conclusion, even though it may be different from what the court would have decided.

From our review of the situation shown by the record in this case in the light of the principles discussed herein, it is our opinion that the trial court was justified in submitting the issues to the jury, and that the jury verdict and judgment entered thereon should be affirmed. Costs to plaintiff (respondent).

CALLISTER, TUCKETT and ELLETT, JJ., concur.

HENRIOD, J., dissents.