459 P.2d 1021

**Don FOSTER, Plaintiff and Appellant,**

v.

**Elmo J. STEED, an individual; Gordon G. Wheeler, an individual; Elmo J. Steed and Gordon G. Wheeler, dba S & W Texaco Service, a partnership, Defendants and Respondents.**

**No. 11489.**

Supreme Court of Utah.

Oct. 22, 1969.

See also 19 Utah 2d 435, 432 P.2d 60.

---

Frank J. Allen, Roland R. Wright, of Clyde, Mecham & Pratt, Salt Lake City, for plaintiff and appellant.

Rex J. Hanson, Merlin R. Lybbert, of Hanson & Baldwin, Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice.

Plaintiff Don Foster sued to recover for injuries from burns he suffered when, at the request of the defendants, he was helping them get a balky car started at their service station in Bountiful. After the presentation of all the evidence the trial court granted defendants' motion for a directed verdict of no cause of action on the ground that the plaintiff had (1) assumed the risk or (2) was contributorily negligent. He appeals.

■■ Where the trial court has refused to submit the issues to the jury, and has ruled on them as a matter of law, his action can properly be sustained only if the evidence compels findings in accordance with his ruling. In this instance it is to be kept in mind that contributory negligence and assumption of risk are defenses and that the burden of proving them is upon the defendants.[1] Accordingly, if under any reasonable view of the evidence, and the inferences that fairly may be derived therefrom, the jury could remain unconvinced on such issues, the directed verdict was wrong and the issues should have been submitted to the jury.[2]

At about 6:00 p. m. on May 21, 1964, plaintiff drove into the service station to get some gas. Defendant Gordon Wheeler and others were pushing a 1957 Plymouth into the lube room. Wheeler asked plaintiff to help, which he did. The parties set about trying to get the Plymouth to run by pouring gasoline from a small plastic cup into the carburetor. Robert Madill, an employee at the station, would pull the linkage opening the carburetor, while Wheeler, inside the car, would activate the starter. Upon being asked to pour gasoline into the carburetor, plaintiff expressed concern that it might backfire. He stated at the trial that Madill and/or Wheeler had been working on the car that day and told him "she won't blow." Madill testified that when plaintiff hesitated he said, "I'll do it myself then." Thus reassured, plaintiff reached toward the carburetor to pour the gasoline. When Wheeler hit the starter

1. See Baker v. Decker, 117 Utah 15, 21, 212 P.2d 679, 682; Stickle v. Union Pacific R. Co., 122 Utah 477, 251 P.2d 867.

2. Ibid., and see Raymond v. Union Pacific R. Co., 113 Utah 26, 28, 191 P.2d 137, 138; Knox v. Snow, 119 Utah 522, 229 P.2d 874.

there was a backfire. A flame flashed therefrom, causing the plaintiff to jerk back in reflex action, throwing the gas and flame upon himself and Madill. Madill was able to extinguish the flame from that small amount of gas before serious injury resulted. However, as plaintiff moved backward, he or one of the others upset an open container of gasoline and solvent situated about three feet from the car on a shelf five inches above the floor. The contents of this container ignited and flames spread upward over his clothing, resulting in the injuries of which he complains.

The doctrines of contributory negligence and assumption of risk are different, but in some instances are interrelated.[3] This is so in the instant case because if the plaintiff was contributorily negligent it would be because he undertook to do something which involved an unreasonable risk of a known danger: that is, something which the proverbial ordinary, reasonable and prudent man would not have done under the circumstances.

■ In analyzing this situation in the light of the principle discussed above it seems essential to keep clearly in mind that there were two separate aspects of hazard to the plaintiff. The one relates to possible danger from the carburetor itself, and the other to the hazard which existed from the fact that flammable fluid was in the con-

tainer on the shelf back of him. The fair and reasonable conclusion seems to be that even as to the danger from the carburetor, there is a jury question as to whether the plaintiff was guilty of contributory negligence or assumption of risk. The undisputed testimony is that the pouring of gasoline into a carburetor is a usual procedure in starting stubborn engines. The defendants had made the request of plaintiff to help, to which he had responded. They were mechanics who had been working on this car, and it would not be unreasonable for him to assume that they knew more about what might happen than he did. Upon his inquiry, they reassured him of safety. From the foregoing facts reasonable minds might conclude that it was within the standard of due care for him to rely thereon and to proceed as he did.

But quite beyond this, should it be considered for the purpose of further analysis that the conclusion just stated may be wrong, and that the plaintiff should be deemed to have been contributorily negligent or to have assumed the risk of the flash in the carburetor and the container of gas in his hand, that is as far as the evidence should preclude him in this case. There is certainly no basis in the evidence from which it must be concluded that he had knowledge of the open container of flammable liquid a few feet behind him,

3. For discussion of the three situations in which assumption of risk may be involved, see Prosser, Torts, at 450–451 (3d ed.1964).

nor that he knowingly assumed that particular risk, which is the one from which he in fact suffered his injury.[4]

Upon the basis of what we have said herein it is our opinion that the evidence is not such as to compel all reasonable minds to conclude that the plaintiff failed to exercise due care for his own safety and/or that he assumed the risk of the danger which resulted in his injury.

Therefore those issues should have been allowed to go to the jury for determination.[5]

Remanded for a plenary determination of the issues in this case, not inconsistent with this opinion. Costs to plaintiff (appellant).

CALLISTER, TUCKETT and ELLETT, JJ., and MERRILL C. FAUX, District Judge, concur.

HENRIOD, J., does not participate herein.

[4] That assumption of risk requires knowledge of the danger and voluntary consent to assume it, see Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884; that one does not assume the risks of a danger of which he is unaware and has no reason to anticipate, see Clay v. Dunford, 121 Utah 177, 239 P.2d 1075. Prosser, Torts, at 464 (3d ed.1964), states: "The fact that the plaintiff is fully aware of one risk * * * does not mean that he assumes another of which he is unaware * * *."

[5] Newton v. Oregon Short Line R. Co., 43 Utah 219, 134 P. 567; Rogalski v. Phillips Petroleum Co., 3 Utah 2d 203, 282 P.2d 304; Hughes v. Hooper, 19 Utah 2d 389, 431 P.2d 983.