465 P.2d 169

**Marilynn B. CALAHAN, Plaintiff and Appellant,**

**v.**

**Kay Laurel WOOD, Defendant and Respondent.**

**No. 11552.**

Supreme Court of Utah.

Feb. 11, 1970.

Carl T. Smith, Ogden, for plaintiff-appellant.

L. E. Midgley, Salt Lake City, for defendant-respondent.

CALLISTER, Justice.

Plaintiff appeals from a judgment rendered upon a jury verdict, wherein the jury in response to a special interrogatory found plaintiff contributorily negligent in that she remained in a vehicle parked upon the public highway at a time when to do so exposed her to an unreasonable risk of injury. Plaintiff asks this court to rule as a matter of law that there was insufficient evidence of her negligence to submit this issue to the jury and to remand this action for a determination of damages sustained by her.

Plaintiff was employed at an establishment called Chris' Cabin. At about 12:45 a. m., closing time, she requested a ride in a car driven by Ronald Holbrook. The date was December 19, 1966, and the area was cold and extremely foggy, at least in patches. The Holbrook vehicle would not start, and another customer, Richard Cornia, pushed with his car the stalled auto out onto State Road 39. Cornia then alternately pushed or followed the Holbrook vehicle, in which plaintiff had remained a passenger, for approximately a mile down the highway. Holbrook realized that the car was not going to start; so he signaled Cornia and they both stopped their vehicles in the westbound lane of the road. The distance of the vehicles, which were positioned one behind the other, from the center line was a disputed matter. The investigating highway patrolman testified they

were one foot, seven inches from the white line; Mr. Cornia thought they were about six feet therefrom.

The two drivers and their male passengers alighted from the vehicles and conferred, and the hood of the disabled car was raised. Mr. Cornia stationed himself approximately 30 feet behind his vehicle and waved three or four cars around the stationary autos.

Roger Skougard, a highway patrolman, testified that he came upon the accident scene by chance, that there was heavy fog, that he did not observe any lights, and that there was an area to park off the road and that is where he positioned his vehicle while investigating the accident.

Defendant testified that he was proceeding down the road at about 15 to 20 miles per hour, that the fog was very thick in patches, that he observed no traffic between Chris' Cabin and the accident site, that he saw no lights and had no warning of anything obstructing his lane of travel. His first notice of the collision was a feeling that he had struck a brick wall; he thought he'd driven off the highway. He opened the door of his vehicle and discovered that the left side of his truck was about one foot from the center line with the two cars directly in front of him. Upon a special interrogatory, the jury found defendant negligent by his failure to keep a proper lookout.

Plaintiff testified that she had remained in the Holbrook vehicle five or ten minutes prior to the collision and that during the interim some cars had passed to the left. She stated that there were patches of fog and that the automobile was blocking the road to a degree. She stated that she was a licensed driver and that it was dangerous stopping a vehicle on a highway at night, whether there was fog or not. However, she testified that it was cold outside, so she remained in the car. (The engine of the vehicle had never started; the car was unheated.) She wasn't worried about an accident, since her main concern was to be warm as possible under the circumstances. She further stated a disinclination to stand in the snow at the side of the highway. The depth of the snow was described by various witnesses as two to six inches; the highway surface was dry.

 Plaintiff contends that the trial court committed prejudicial error by giving the jury an instruction on unavoidable accident, when it was not in issue at trial, and that such instruction confused the jury and prejudiced plaintiff's rights.

* * * there are some situations where the evidence is susceptible of being so interpreted that an accident occurred without negligence on the part of anyone, and if it is reasonably susceptible of such interpretation, and a party

requests it, the trial court commits no error in so advising the jury.[1]

The fact situation of the instant case clearly indicated that the accident was caused by negligence on the part of someone, and the instruction on unavoidable accident was improperly submitted to the jury. In Woodhouse v. Johnson,[2] this court observed that it did not condone the practice sometimes followed by defense counsel of tossing a requested instruction on unavoidable accident into the hopper with numerous other form defense instructions in practically any type of negligence case. On the other hand, the issue of whether the submission of this improper instruction constitutes reversible error must be determined by whether the parties were given a fair trial and had the issues of fact and the applicable law presented to the jury in a clear and understandable manner. A survey of the entire record does not reveal any prejudicial effect of this erroneous instruction.

Plaintiff further contends that the trial court erred in instructing the jury on the doctrine of assumption of risk. She asserts that by her remaining in a stalled vehicle, stopped upon a lane of travel, she did not assume the risk that defendant would negligently collide with the vehicle and injure her.

* * * The doctrine of assumption of risk in many instances overlaps into the field of contributory negligence; but it must be distinguished and applied only in a proper case, that is, when the question involves the reasonableness of plaintiff's voluntary action in the face of a known danger.

* * * The fundamental consideration underlying it is that one should not be permitted to knowingly and voluntarily incur an obvious risk of personal harm when he has the ability to avoid doing so, and then hold another responsible for his injury. Its essential elements are: knowledge of a danger and a free and voluntary consent to assume it.[3]

An argument similar to plaintiff's was advanced in Taylor v. Bamberger Electric R. Co.,[4] wherein a passenger on a train elected to ride on the side step of an open car when there was a reasonably safe place for him to stand inside a closed car. The car lurched because of the negligent manner in which the roadbed had been maintained by defendant, and plaintiff fell from the step of the car. This court stated:

1. Porter v. Price, 11 Utah 2d 80, 84, 355 P.2d 66, 68 (1960).
2. 20 Utah 2d 210, 212, 213, 436 P.2d 442, 444–445 (1968).
3. Johnson v. Maynard, 9 Utah 2d 268, 271, 272, 342 P.2d 884, 886–887 (1959); also see Ferguson v. Jongsma, 10 Utah 2d 179, 190, 350 P.2d 404 (1960); Hindmarsh v. O. P. Skaggs Foodliner, 21 Utah 2d 413, 416, 446 P.2d 410 (1968); Foster v. Steed, 23 Utah 2d 148, 459 P.2d 1021, 1022 (1969).
4. 62 Utah 552, 558–559, 220 P. 695, 697 (1923).

\* \* \* there is a clear distinction between contributory negligence, and assumption of risk. It has, however, also often been held that under certain circumstances the same acts or conduct *may make one guilty of contributory negligence and also give rise to the defense of assumption of risk.*

■ Generally, a guest by accepting a ride in an automobile does not assume the risk of injury caused by the negligence of users of the highway other than his host, unless the acts of the host in which the guest acquiesces operate as a contributory cause of collision.[5] This principle is illustrated in Giemza v. Allied American Mutual Fire Insurance Co.,[6] wherein the court observed:

> \* \* \* However, there may be circumstances when the assumption of the host's risk may also constitute contributory negligence and instances *where the risks inherent in a situation* or in the acts of another person not standing in a host-guest relationship *are voluntarily assumed so as to make the one assuming such risk contributorily negligent.* [Citations omitted.] Knowingly entering or participating in a race or speed contest on a public highway, and thus exposing oneself to such risks as flow from racing, would be such a situation. \* \* \*

This doctrine is sometimes called for convenience the "voluntary assumption of risk" to indicate a defense based upon the fact the plaintiff was aware of the risk and was unreasonable in encountering it, i.e., entering or remaining in a dangerous place or situation. \* \* \* [Emphasis added.]

■ In the instant action, plaintiff testified that she knew it was dangerous to stop upon a highway at night, whether it was foggy or not; however, she remained in the vehicle to be warm as possible under the circumstances. She claims that the evidence adduced was insufficient to support the submission by the trial court to the jury the issue of her contributory negligence. Contributory negligence is conduct which involves an undue risk of harm to the actor himself. The importance of the interest the actor is seeking to advance must be weighed in relation to the probability and probable gravity of the anticipated harm to himself to determine the unreasonableness of the risk incurred. In the ordinary case; where there is enough uncertainty to make an issue as to what the reasonable man would have done, that issue goes to the jury.[7]

5. 4 Blashfield Cyclopedia of Automobile Law and Practice, § 2516, p. 723.
6. 10 Wis.2d 555, 103 N.W.2d 538, 542 (1960).
7. See Prosser on Torts (3rd Ed.) § 64, pp. 428–430.

■ There was evidence in the instant action to indicate that plaintiff was aware of the risk and that she unreasonably remained in a dangerous place.[8] The trial court did not err in submitting the issue of contributory negligence to the jury. The judgment of the trial court is affirmed. No costs awarded.

CROCKETT, C. J., and TUCKETT, J., concur.

HENRIOD, Justice (concurring in the result).

I concur in the result based on the jury verdict to the effect that defendant was *contributorily negligent*. I see no reason to entertain any hypertechnical distinctions, however, between contributory negligence and assumption of risk or unavoidable accident. The last two principles and instructions given thereon obviously were not considered to have been factors of com-

pensability. Therefore, instructions on those aspects of the case, hardly could have been considered as being prejudicial. If the jury *had* found that plaintiff could not recover because she either 1) assumed the risk or 2) the accident was unavoidable, the discussion about these matters would be meaningful, and no doubt decisive of the case,—otherwise no.

ELLETT, Justice (concurring in the result).

I concur—not because I think the plaintiff was more negligent by remaining in the car than she would have been by standing to one side thereof in snow on a cold, foggy night, but because the jury found her to be negligent by remaining in the car, and the trial judge, who heard the evidence, allowed the verdict to stand. However much I may disagree with the verdict, I am compelled reluctantly to concur in affirming the judgment.

8. See 2 Harper and James, The Law of Torts, 1956, § 21.1, p. 1162, wherein it is observed that the term assumption of risk has led to confusion because it is used to refer to at least two different concepts. (1) In its primary sense, the plaintiff's assumption of risk is the counterpart of the defendant's lack of duty to protect the plaintiff from the risk, and plaintiff may not recover for his injury, although he was quite reasonable in en-

countering it. (2) In its secondary sense, a plaintiff may be said to assume a risk created by defendant's breach of duty towards him, when he deliberately chooses to encounter that risk. In such a case, plaintiff will be barred from recovery only if he was unreasonable in encountering the risk under the circumstances. This is a form of contributory negligence.