**Randall Frank MARK, Plaintiff and Appellant,**

v.

**Tamra Jean Hancock MARK, and Janis Peck Hancock, Defendants and Respondents.**

**No. 13733.**

Supreme Court of Utah.

Jan. 31, 1975.

Kenneth M. Hisatake, Salt Lake City, for plaintiff and appellant.

Lauren N. Beasley, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

Plaintiff initiated these proceedings in the District Court of Salt Lake County for the purpose of obtaining custody of a minor child who was born to the plaintiff and the defendant, Tamra Jean Hancock Mark. While the plaintiff was stationed at an air force base at Selma, Alabama, Tam-

ra filed an action for a divorce in the Circuit Court of Dallas County. The circuit court awarded a divorce to the plaintiff in that action but found that the plaintiff and the defendant were both immature and unstable and refused to award custody of the minor child to either party. Custody of the child, Justin Randall Mark, was temporarily awarded to Janis Peck Hancock, step-mother of Tamra. The Alabama Court further directed that the issue of permanent custody be submitted to the courts in Utah for a determination. No question was raised by either party as to the propriety of the action filed in the Utah court.

At the time of trial plaintiff was a student at Weber State University and Tamra, having completed certain courses at the Utah Technical College, was employed as a stenographer. At the conclusion of the trial the court found that Tamra, as mother of the minor child, is a fit and proper person to be awarded permanent care, custody and control of said minor. The court awarded to the plaintiff rights of visitation with the child.

Prior to trial, the plaintiff moved the court for an order directing the plaintiff and the defendant to submit to a child custody evaluation to be conducted by the Salt Lake Mental Health Division. Defendant, Tamra, refused to assist in that evaluation. The plaintiff contends here that the court below should have required compliance pursuant to the provisions of Sections 30–3–17 and 30–3–17.1, U.C.A.1953 as amended. This is not an action for a divorce and the Sections above referred to have no application and the same is true as to the other provisions of the Family Court Act.

A careful examination of the record fails to reveal any ground for this court determining that the court below abused its discretion in arriving at its judgment. The court below having listened to the testimony of the various witnesses and having observed their demeanor on the witness stand was in a better position to weigh the evidence and to determine the facts than are we from reading the record.[1] We conclude that the decision of the court below is correct and the same is affirmed.

One other matter requires our attention. The plaintiff claims that he was entitled to a new trial on the grounds of newly discovered evidence which consisted of a police report that the defendant, Tamra, together with others had been arrested for having possession of a controlled substance. Plaintiff failed to support his motion by a proper affidavit and in any event proof of an arrest is insufficient to establish that Tamra was guilty of any offense.[2]

Respondents are entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

1. Graziano v. Graziano, 7 Utah 2d 187, 321 P.2d 931; Dearden v. Dearden, 15 Utah 2d 105, 388 P.2d 230; Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418.

2. James Manufacturing Co. v. Wilson, 15 Utah 2d 210, 390 P.2d 127.