Erling A. ROYLANCE, Plaintiff
and Appellant,

v.

Lynn B. ROWE, Dean L. Bristow, J.R. Monnahan, and Mountain View Hospital, Defendants and Respondents.

No. 860023–CA.

Court of Appeals of Utah.

May 12, 1987.

S. Rex Lewis, Howard, Lewis & Petersen, Provo, for plaintiff and appellant.

David W. Slagle, Snow, Christensen & Martineau, Salt Lake City, for defendants and respondents.

Before BILLINGS, GARFF and JACKSON, JJ.

## OPINION

BILLINGS, Judge:

Plaintiff Roylance brought an action against Doctors Rowe and Bristow, and Mountain View Hospital for medical malpractice arising from surgery performed in June, 1981. At the conclusion of Roylance's case-in-chief, defendant Mountain View Hospital was dismissed. Subsequently, the jury found the remaining two doctor defendants not negligent and judgment was entered in favor of defendants, no cause of action. Roylance seeks reversal claiming the trial court erred (a) in not granting a directed verdict in favor of plaintiff and in failing to allow a new trial based upon the weight of the evidence; (b) in denying plaintiff's requested jury instruction on res ipsa loquitur; and (c) in failing to dismiss defendant hospital at the commencement of trial. We affirm.

Roylance entered Mountain View Hospital for removal of an acute gangrenous perforated gallbladder. The emergency surgery was performed by Drs. Rowe and Bristow. Following the surgery, the scrub nurse counted the sponges; the figures totaled and matched the initial count. After the doctors closed Roylance's incision, an x-ray was taken which revealed the presence of a 4″ x 4″ piece of gauze. The doctors checked Roylance's external bandages and bed clothes, and, finding nothing, determined a sponge had been left internally. The doctors thereafter performed another operation to locate the sponge or gauze; no sponge or gauze was located. This action was brought against Drs. Rowe and Bristow and Mountain View Hospital on grounds that Roylance was subjected to unnecessary surgery.

Following a pre-trial settlement and release of Mountain View Hospital, Roylance unsuccessfully moved to dismiss Mountain View Hospital. The court, however, dismissed the hospital at the conclusion of Roylance's case-in-chief and directed a verdict in the hospital's favor. At the conclusion of the trial against the remaining two doctors, the court denied Roylance's requested jury instruction on res ipsa loquitur but submitted the issue of the defendants' negligence to the jury. The jury found the doctors were not negligent. The court then denied Roylance's motion for a new trial.

### I.

Roylance first contends there was insufficient evidence to justify the jury's verdict of no cause of action on negligence and, therefore, the trial court erred in failing to grant Roylance's motion for a new trial. The law on this point is well established. Where the trial court has denied a motion for a new trial based upon insufficiency of evidence to justify the verdict, its decision will be sustained on appeal if there was an evidentiary basis for the jury's decision. The trial court's denial of the motion will be reversed only if the evidence to support the verdict was completely lacking or so slight and unconvincing as to make the verdict plainly unreasonable and unjust. *Nelson v. Trujillo*, 657 P.2d 730, 732 (Utah 1982); *see Hall v. Anderton*, 562 P.2d 1250 (Utah 1977).

The trial record contains ample evidence to support the jury's finding that the doctors were not negligent. We do not find the evidence supporting the jury's finding so lacking or unconvincing as to make the verdict unreasonable or unjust.

### II.

Roylance next contends the trial court erred in failing to give the jury an instruction on res ipsa loquitur. Res ipsa loquitur is an evidentiary doctrine aiding in the proof of negligence. *Anderton v. Montgomery*, 607 P.2d 828, 834 (Utah 1980). The purpose of res ipsa loquitur is

> to permit one who suffers injury from something under the control of another, which ordinarily would not cause injury except for the other's negligence, to present his grievance to a court or jury on the basis that an inference of negligence may reasonably be drawn from such facts; and cast the burden upon the other *to make proof of what happened.*

*Id.* at 833 (emphasis added) (citing *Lund v. Phillips Petroleum Co.*, 10 Utah 2d 276,

351 P.2d 952 (1960)); *see also Joseph v. W.H. Groves Latter-Day Saint Hosp.,* 10 Utah 2d 94, 348 P.2d 935 (1960); *White v. Pinney,* 99 Utah 484, 108 P.2d 249 (1940). A res ipsa loquitur instruction is appropriate where a plaintiff is unable to pinpoint which act or omission on the part of a defendant breached a legally imposed standard of care.[1]

Before being entitled to such a jury instruction, however, a plaintiff must show:

(1) [T]hat the accident was of a kind which, in the ordinary course of events, would not have happened had due care been observed; (2) that the plaintiff's own use or operation of the agency or instrumentality was not primarily responsible for the injury; and (3) that the agency or instrumentality causing the injury was under the exclusive management or control of the defendant.

*Kusy v. K-Mart Apparel Fashion Corp.,* 681 P.2d 1232, 1235 (Utah 1984) (citing *Anderton,* 607 P.2d at 833).

■ Application of res ipsa loquitur is, however, premised on the plaintiff's inability to produce evidence identifying the precise negligent act or omission on the part of a defendant which caused the harm. There is no room for the operation of res ipsa loquitur where the evidence in the case reveals all of the facts and circumstances of the occurrence and clearly establishes the precise allegedly negligent act which is the cause of plaintiff's injury. *See Kusy v. K-Mart Apparel Fashion Corp.,* 681 P.2d 1232, 1236 (Utah 1984); *see also Crawford v. Rogers,* 406 P.2d 189, 193 (Alaska 1965); *Ballhorst v. Hahner-Forman-Cale, Inc.,* 207 Kan. 89, 99, 484 P.2d 38, 46 (1971); *Hugo v. Manning,* 201 Kan. 391, 395–98, 441 P.2d 145, 149–51 (1968); *Dabroe v. Rhodes Co.,* 64 Wash.2d 431, 392 P.2d 317, 322 (1964).

■ This does not mean that introduction of evidence of specific acts of negligence deprives a plaintiff of the doctrine of res ipsa loquitur. This jurisdiction has long held that a case presented to the jury on specific theories of negligence does not preclude an instruction on a theory of res ipsa loquitur. *Angerman Co. v. Edgemon,* 76 Utah 394, 400, 290 P. 169, 172 (1930). Rather, the rule may be summarized as follows: Where the three conditions for application of res ipsa loquitur have been established, a mere prima facie showing of specific negligence does not prevent its use. Under such circumstances the case should be submitted on both the theory of specific negligence and res ipsa loquitur. Thus, if proof by a plaintiff of specific acts of negligence on the defendant's part does not furnish a complete explanation of the accident, as where there are alternative theories of negligence, there is still room for an inference of negligence arising from the happening of the accident. Where, however, proof of specific negligence goes so far as to reveal all the facts and circumstances and fully explain the alleged negligent cause of injury by positive evidence, res ipsa loquitur has no function. *Kusy,* 681 P.2d at 1236.

In the case before us, Roylance argues that the second unnecessary surgery was an accident which would not have happened had due care been observed, that Roylance was not responsible for the injury, and that the instrumentality causing the injury was under the exclusive control of the defendant doctors. Roylance concludes that, inasmuch as the three conditions of res ipsa loquitur have been satisfied, the court should have instructed on the doctrine. As the foregoing discussion makes clear, however, our analysis must not end. The issue remains whether at trial Roylance offered evidence of specific negligence so as to fully explain the alleged negligent cause of injury. If the evidence received at trial fully revealed all of the facts and circumstances surrounding the accident, res ipsa loquitur has no application.

■ In this case, there is no dispute that the injury, the unnecessary second sur-

---

1. Although in the majority of medical malpractice cases, the plaintiff must introduce expert testimony to establish the standard of care, the Utah Supreme Court has recognized certain situations where expert testimony is unnecessary. *Nixdorf v. Hicken,* 612 P.2d 348, 352 (Utah 1980). We do not reach the issue in this case.

gery, was caused by the defendant doctors. The doctors do not deny that a second surgery was performed to remove what appeared to be a sponge left inside the defendant; they do not deny that this surgery was performed following a correct sponge count but after a suspicious x-ray; they do not deny that the subsequent operation failed to locate any sponge or gauze. Inasmuch as the evidence introduced by Roylance clearly and completely delineated how Roylance's injuries occurred, the doctrine of res ipsa loquitur has no application, as there is nothing left to infer. The jury was only required to determine if this conduct breached the requisite standard of care. The court therefore did not err in refusing to give Roylance's proposed instruction on res ipsa loquitur. In view of this conclusion, it is unnecessary to consider the other points raised by respondents.

### III.

Finally, Roylance contends the trial court erred in failing to dismiss defendant hospital at the commencement of trial. Prior to the commencement of trial, Roylance entered into a settlement agreement with defendant Mountain View Hospital relieving the hospital from liability to make contribution to the doctors pursuant to Utah Code Ann. § 78–27–43 (1977).[2] Roylance moved to dismiss defendant Mountain View Hospital; defendant doctors argued that under § 78–27–43 Mountain View Hospital could not be dismissed from the action until the issue of proportionate fault had been litigated. The court denied Roylance's motion and compelled Mountain View Hospital to remain a defendant until the completion of Roylance's case.

The pertinent section of the Utah Code provides:

> (1) A release by the injured person of one joint tort-feasor does not relieve him from liability to make contribution to another joint tort-feasor unless that release:

> (a) Is given before the right of the other tort-feasor to secure a money judgment for contribution has accrued; and

> (b) Provides for a reduction, to the extent of the prorata share of the released tort-feasor, of the injured person's damages recoverable against all the other tort-feasors.

> (2) This section shall apply only if the issue of proportionate fault is litigated between joint tort-feasors in the same action.

Utah Code Ann. § 78–27–43 (1977).

Roylance could relieve defendant Mountain View Hospital from liability for contribution only under the express provisions of § 78–27–43. *Madsen v. Salt Lake City School Bd.,* 645 P.2d 658, 663 (Utah 1982); see Thode, *Comparative Negligence, Contribution Among Tort-Feasors, and the Effect of a Release—A Triple Play by the Utah Legislature,* 1973 *Utah L.Rev.* 406, 431–33. As noted, this section specifically states that it shall apply only if proportionate fault is litigated between joint tort-feasors in the same action, as only then can the plaintiff's judgment be proportionately reduced by the released tort-feasor's established fault.

Roylance cannot claim the benefits of § 78–27–43 to release Mountain View Hospital from liability to make contribution and at the same time deny defendant doctors the right to litigate the hospital's proportionate fault. The trial court did not err in denying Roylance's motion to dismiss Mountain View Hospital at the commencement of trial.

Judgment of the trial court is affirmed. Costs to respondent.

GARFF and JACKSON, JJ., concur.

---

**2.** This case was decided prior to the 1986 modification of provisions relating to comparative negligence which, among other things, abolished joint and several liability and rights of contribution among joint tort-feasors. Utah Code Ann. §§ 78–27–38 to –43 (1986).