**Cindy DEATS, Plaintiff and Appellant,**

v.

**COMMERCIAL SECURITY BANK, Defendant and Respondent.**

No. 860322–CA.

Court of Appeals of Utah.

Dec. 15, 1987.

Robert A. Echard (argued), Gridley, Echard & Ward, Ogden, for plaintiff and appellant.

Donald J. Purser (argued), J. Angus Edwards, Purser, Overholt & Okazaki, Salt Lake City, for defendant and respondent.

Before BILLINGS, GREENWOOD and BENCH, JJ.

## OPINION

BILLINGS, Judge:

Plaintiff Cindy Deats ("Deats") appeals from a jury verdict that Commercial Security Bank ("CSB") was not negligent in the maintenance of its parking terrace. Deats claims that the jury's verdict was contrary to the evidence and manifestly unjust, and that a jury instruction misstated the law, constituting prejudicial error. We affirm.

### I.

### FACTS

At 7:05 a.m. on Monday, February 27, 1984, Deats parked on the uncovered fourth level of a parking structure owned by CSB. Arriving before sunrise, Deats was the first patron of the parking lot. After parking her car, Deats, while walking towards the exit stairway, decided to move her car because she thought another car might slide into it. While returning to move her car to a safer location, Deats slipped and fell on the ice, hurting her left knee. After she had moved her car, Deats observed a person throwing sand or salt on the previously unsanded parking surface. Deats filed a negligence action against CSB to recover for the personal injuries she sustained from the fall.

The case was submitted to the jury after the trial judge read thirty-nine instructions, including instructions on comparative negligence, the duty of care required of business invitors, and the duty of care required of a plaintiff in a negligence action.

The jury found that CSB was not negligent. Deats subsequently filed a motion for a new trial pursuant to Rule 59 of the Utah Rules of Civil Procedure, alleging: (1) the jury's verdict was contrary to the evidence and manifestly unjust, and (2) instruction twenty-five was a misstatement of the law, constituting prejudicial error.

The trial court denied Deats' motion for a new trial and this appeal ensued.

### II.

### THE JURY'S VERDICT

A jury's verdict which is the subject of a motion for a new trial will be reversed only if the evidence supporting it was completely lacking or so slight and unconvincing as to make the verdict plainly unreasonable and unjust. *Roylance v. Rowe*, 737 P.2d 232, 234 (Utah Ct.App. 1987). We review the jury's verdict in the light most favorable to the prevailing party, and accord the evidence presented and every reasonable inference fairly drawn from the evidence the same degree of deference. *Anderson v. Toone*, 671 P.2d 170, 172 (Utah 1983); *see Jacobsen Construction Co. v. Structo–Lite Engineering, Inc.*, 619 P.2d 306, 308 (Utah 1980).

In determining whether a business invitor was negligent, the inquiry is whether the owner or its employees knew, or in the exercise of ordinary care should have known, that a dangerous condition existed, and whether sufficient time elapsed such that corrective action could have been taken to remedy the situation. *Martin v. Safeway Stores Inc.*, 565 P.2d 1139, 1140–41 (Utah 1977). Property own-

ers are not insurers for the safety of their business invitees. *Id.*

■ Applying this legal principle, the evidence, viewed in a light favorable to the jury's verdict, adequately supports the verdict that CSB was not negligent in the operation and maintenance of its parking terrace. Testimony revealed that CSB was servicing the fourth level of the parking terrace at approximately the time of Deats' early arrival. The jury could have reasonably concluded that sufficient time had not elapsed since the ice formed such that CSB could have remedied the situation.

In finding that CSB was not at all negligent, the jury necessarily found that Deats was 100 percent negligent. The evidence, again viewed in a light favorable to the jury's verdict, supports the jury's determination that Deats was 100 percent negligent. First, Deats admitted she knew the uncovered fourth level of the parking terrace was icy. Second, Deats conceded she did not have to park on the fourth level. Indeed, on a prior occasion, Deats parked on an adjacent street when she knew the fourth level parking surface would be icy. Third, Deats arrived before sunrise. Given the totality of the circumstances, we find the jury's verdict reasonable and just.

■ Deats attempts to impeach the jury's verdict by affidavits of two jurors, claiming they misunderstood the trial court's instructions. It is well-established, however, that Rule 59(a)(2) of the Utah Rules of Civil Procedure allows an affidavit by a juror to impeach the verdict only when the verdict was determined by chance or bribery. *Rosenlaf v. Sullivan*, 676 P.2d 372, 375 (Utah 1983). Her attempt to impeach the verdict by way of affidavit is plainly contrary to law. The jurors' misunderstanding of the court's instruction is not one of the narrowly defined grounds available under Rule 59(a)(2).

## III.

### INSTRUCTION TWENTY-FIVE

Deats' second issue on appeal is that instruction twenty-five misstated the law regarding a plaintiff's duty of care, there-by causing the jury to erroneously find that CSB was not negligent. Deats contends instruction twenty-five constitutes an "assumption of risk" instruction, which is not permissible under Utah's comparative negligence statutes. Utah Code Ann. §§ 78-27-37, -38 (1987). We disagree.

Instruction twenty-five reads:

Ordinarily, a plaintiff in any action has the duty of seeing and avoiding, if reasonable, a hazard which is plainly visible, and if the plaintiff [unreasonably] failed to do so, then the plaintiff is negligent either in failing to look or in failing to heed what he or she saw.

Deats urges us to interpret this instruction as meaning that Deats is barred from recovery *if* she failed to avoid the icy conditions of the parking surface, regardless of whether she exercised reasonable care and regardless of whether CSB exercised reasonable care. If this interpretation is correct, then Deats contends the jury would not apportion the negligence between the parties. We reject Deats' construction of this instruction.

■ Instructions are read in their entire context and given meaning in accordance with the ordinary and usual import of the language as it would be understood by lay jurors. *Brunson v. Strong*, 17 Utah 2d 364, 367, 412 P.2d 451, 452-53 (1966). Under Utah's comparative negligence statute, Utah Code Ann. § 78-27-38 (1987), and its accompanying definition counterpart, Utah Code Ann. § 78-27-37 (1987), the concept of contributory negligence includes what was formerly termed secondary assumption of risk: "the unreasonable encountering of a known and appreciated risk." *Moore v. Burton Lumber & Hardware Co.*, 631 P.2d 865, 870 (Utah 1981); *see Jacobsen Constr. Co.*, 619 P.2d at 310, 312. More specifically,

the reasonableness of plaintiff's conduct in confronting a known or unknown risk created by defendant's negligence will basically be determined under principles of contributory negligence. Attention should be focused on whether a reasonably prudent man in the exercise of due

care would have incurred the risk, despite his knowledge of it, and if so, whether he would have conducted himself in the manner in which the plaintiff acted in light of all the surrounding circumstances, including the appreciated risk.

*Jacobsen Constr. Co.*, 619 P.2d at 312.

 It is well-settled that a plaintiff, acting in a reasonanbly prudent manner, has a duty to foresee a danger, *Moore v. Burton Lumber & Hardware Co.*, 631 P.2d at 870, particularly one that is plainly visible, and avoid it. *Hindmarsh v. O.P. Skaggs Foodliner*, 21 Utah 2d 413, 416–17, 446 P.2d 410, 412 (1968). If a plaintiff fails to see or sees but fails to avoid the danger, then the plaintiff acted negligently. *See Pollesche v. K–Mart Enterprises of Utah, Inc.*, 520 P.2d 200, 203 (Utah 1974) (plaintiff who sees and ignores the danger is guilty of contributory negligence as a matter of law); *Hindmarsh*, 21 Utah 2d 413 at 417, 446 P.2d at 412; *Whitman v. W.T. Grant Co.*, 16 Utah 2d 81, 83, 395 P.2d 918, 920 (1964) (plaintiff can be negligent either in failing to look or in failing to heed what he or she saw).

Instruction twenty-five, when read together with all of the other instructions given on negligence, is a correct statement of a plaintiff's duty in a negligence action. Nowhere in instruction twenty-five, nor in any of the other remaining thirty-eight instructions, did the trial court intimate that if Deats was negligent then she was *precluded* from recovering. On the contrary, the instructions, when read in their entirety, adequately informed the jury of CSB's duty of care as a property owner, Deats' duty of care, and most importantly, of the procedure by which the jury must apportion negligence if both parties were found to have acted negligently.

The trial court properly denied Deats' motion for a new trial. The evidence supporting the jury's findings was ample and convincing, and the verdict, therefore, was not unreasonable nor unjust. *Roylance*, 737 P.2d at 234; *Nelson v. Trujillo*, 657 P.2d 730, 732 (Utah 1982).

Affirmed. Costs to Commercial Security Bank.

BENCH and GREENWOOD, JJ., concur.